793 P.2d 862

**In the Matter of Phillip TRUJILLO, An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 18586.**

Supreme Court of New Mexico.

June 21, 1990.

Charles A. Wyman, Albuquerque, for Disciplinary Bd.

Michael E. Vigil, Santa Fe, for respondent.

OPINION

PER CURIAM.

This matter is before the court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316 (Repl. Pamp.1988 & Supp.1989), wherein attorney Phillip Trujillo, in accordance with an agreement for discipline by consent, agreed not to contest various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 through 16–805 (Repl.Pamp.1988). Pursuant to Rule 17–211(B)(1)(a), we approve and adopt the disciplinary board's acceptance of the consent to discipline filed herein, as modified by the hearing committee.

The disciplinary charges arose out of Trujillo's representation of Jeremias Torres, Jr., who was the respondent in a divorce action. On the day he retained Trujillo, Torres paid $600 of a flat fee of $1200, gave copies of the process recently served upon him to Trujillo and requested Trujillo to file responsive pleadings in a timely manner.

Shortly after his client's departure, Trujillo dictated an entry of appearance and an answer to the petition for divorce but instructed his secretary to hold the draft pleading until the client paid the remaining balance of his flat fee. This instruction, however, was not part of the written fee agreement nor was it part of the client's understanding.

Trujillo knew the date when the responsive pleadings were due for filing. Despite having prepared them and already having paid himself the initial $600 out of his trust account, Trujillo failed to file the answer or entry of appearance and permitted a default judgment to be entered against his client. When the client learned of this, Trujillo not only refused to move the trial court to set aside the default judgment but also refused to refund any fees.

After Torres complained to disciplinary authorities, Trujillo responded to the disciplinary inquiry by asserting that he was not required to take any action on his client's behalf because Torres had failed to comply with his fee agreement. While denying any professional misconduct, he offered to refund the $600 retainer if directed to do so by disciplinary counsel. Trujillo was advised that counsel had no authority to direct such payment but that if no restitution was made prior to the filing of disciplinary charges, any later repayment would not be considered as a mitigating factor for any subsequent sanctions that might be imposed. Despite having had a reasonable opportunity to refund the retainer to his client, Trujillo failed to do so and disciplinary charges subsequently were filed.

Thereafter, disciplinary counsel and Trujillo, with the assistance of Trujillo's attorney, agreed to the terms of the consent to discipline filed in these proceedings. Trujillo agreed not to contest the charges that he violated the following rules of professional conduct: (1) Rule 16–102(A) in that he failed to abide by his client's decision concerning the objectives of the representation, one of which was to file an answer to the petition for divorce in order to avoid default; (2) Rule 16–103 in that he failed to act with reasonable diligence and promptness in representing Torres; (3) Rule 16–105(A) in that he charged a fee for services not rendered; (4) Rule 16–115(A) in that he failed to keep money belonging to his client separate from his own funds; and (5) Rule 16–804(H) in that he engaged in conduct adversely reflecting on his fitness to practice law. In addition, Trujillo agreed to pay $600 in restitution to Torres and to pay all costs of disciplinary proceedings. He fur-

ther consented to a six-month suspension from the practice of law with automatic reinstatement upon payment of restitution and costs.

The hearing committee accepted the consent to discipline with certain modifications. The committee recommended that the amount of restitution bear interest of six percent (6%) per annum from the date Trujillo paid this amount to himself, April 5, 1988, to the date of the filing of the consent to discipline, April 6, 1990, and thereafter interest of fifteen percent (15%) per annum until fully paid. In addition, since Mr. Trujillo at the time of these proceedings was already on disciplinary probation in connection with a unrelated matter resulting in the imposition of a formal reprimand and a two-year period of supervision, the hearing committee recommended to the disciplinary board that the running of this probationary period be tolled during the period of Trujillo's suspension. These modifications were not objectionable to the parties and were accepted by the disciplinary board.

NOW, THEREFORE, IT IS ORDERED that the court's suspension order effective June 6, 1990, is affirmed and Phillip Trujillo shall be suspended from the practice of law for a period of six (6) months pursuant to Rule 17–207(A)(2). As a prerequisite to reinstatement pursuant to Rule 17–214(B)(1), Trujillo must show that he has paid in full all restitution with interest and costs of these disciplinary proceedings.

IT IS FURTHER ORDERED that the running of Trujillo's present probationary period shall be tolled during the period of suspension hereby imposed.

IT IS FURTHER ORDERED that Trujillo be required to make restitution to Jeremias Torres, Jr. in the amount of $600 plus interest of six percent (6%) per annum from April 5, 1988 to April 6, 1990, and thereafter interest of fifteen percent (15%) per annum until paid in full.

IT IS FURTHER ORDERED that within ten (10) days after the effective date of his suspension Trujillo shall file with the court evidence of his compliance with all the re-

quirements of Rule 17–212 and he shall serve a copy of his affidavit of compliance upon disciplinary counsel.

IT IS FURTHER ORDERED, pursuant to Rule 17–206(D), that this opinion shall be published in *New Mexico Reports* and *Bar Bulletin* and shall be filed in the supreme court clerk's office.

IT IS FURTHER ORDERED that the clerk of the supreme court shall strike the name of Phillip Trujillo from the roll of those persons permitted to practice law in New Mexico.

The costs of these proceedings in the amount of $40.40 are assessed against Trujillo and must be paid to the disciplinary board on or before December 6, 1990.

IT IS SO ORDERED.