895 P.2d 669

**In the Matter of Joseph A. ROBERTS, An Attorney Licensed to Practice Law in the Courts of the State of New Mexico.**

No. 22770.

Supreme Court of New Mexico.

May 30, 1995.

Christine E. Long, Deputy Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Joseph A. Roberts, El Paso, TX, pro se.

## OPINION

PER CURIAM.

This matter came before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 to 17–316 (Repl.

Pamp.1991 & Cum.Supp.1994), in which attorney Joseph A. Roberts, in conjunction with an agreement for discipline by consent, admitted to various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 to 16–805 (Repl.Pamp.1991 & Cum.Supp.1994). We adopt the disciplinary board's recommendation and approve the agreement admitting allegations and consenting to discipline. Accordingly, pursuant to Rule 17–211(B)(1)(a), it is hereby ordered that Joseph A. Roberts be indefinitely suspended from the practice of law pursuant to Rule 17–206(A)(3).

In the early 1980's, Roberts undertook the representation of Michael D. Salazar, an individual who was injured at his place of employment. On June 9, 1983, Roberts filed a products liability action on his client's behalf. On February 21, 1985, the trial court granted a directed verdict against Salazar in the products liability suit, and, thereafter, Roberts filed a notice of appeal from the directed verdict in the United States District Court for the District of New Mexico.

Roberts failed to adhere to the scheduling requirements of the United States Court of Appeals for the Tenth Circuit and failed to file a docketing statement within the prescribed time. The clerk of the Tenth Circuit Court of Appeals sent Roberts a letter warning him of his failure to file the docketing statement, granting an extension in which to file the required documents, and alerting Roberts that his client's appeal would be dismissed unless he filed the required documents within the extended time period. Roberts filed nothing further in the appeal. On August 6, 1985, Salazar's appeal was dismissed for lack of prosecution.

In June 1992, Roberts' client discovered for the first time from the Tenth Circuit clerk's office that his appeal had been dismissed in 1985. During the previous seven years, Salazar regularly had requested from Roberts status reports on his appeal and Roberts repeatedly informed Salazar that his appeal was pending. Although the statute of limitations for a disciplinary matter is four years, the limitations period begins from the time the complainant "knew or should have known" about the misconduct, SCRA 1986, 17–303 (Repl.Pamp.1991 & Cum.Supp.1994),

in this case, in 1992 when Salazar called the Clerk's office and realized that Roberts had been misleading him as to the status of his case.

While malpractice and ethical matters are not synonymous and one may be filed without the other, in this instance a malpractice action was filed against Roberts and a judgment of the verdict was entered for $1,009,-979.40. In his answer to the malpractice action, Roberts admitted that he failed to docket the appeal in Salazar's products liability case. Although Roberts was able to reach a settlement with Salazar, Roberts' conduct hurt not only his client but also public perception of the legal profession.

 In the disciplinary matter, Roberts also admitted that he failed to docket the appeal in Salazar's case. This Court disagrees with Roberts' characterization that his conduct was a "momentary transgression." By lying to his client for seven years about the status of the appeal, Roberts exacerbated what might have been a momentary transgression into a knowing and willful sustained period of misconduct and deceit. Roberts, therefore, violated Rules 16–101, 16–103, 16–104(A), 16–302, 16–304(C), 16–804(C), 16–804(D), and 16–804(H) of the Rules of Professional Conduct.

Despite Roberts' appeal to this Court to consider a lesser sanction than that agreed upon in the consent agreement, this Court notes that Roberts initially concurred to the consent agreement, and that the terms of the consent agreement were approved and recommended by the hearing committee to a panel of the disciplinary board, who, in turn, recommended approval by this Court. Roberts' plea to this Court for mercy rather than justice is misplaced for such an inexplicable grievous breach of his client's faith.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Rule 17–206(A)(3), Joseph A. Roberts hereby is indefinitely suspended from the practice of law effective April 26, 1995.

IT IS FURTHER ORDERED that Roberts shall be eligible to apply for reinstatement in accordance with Rule 17–214(B)(2) on or after April 26, 1996, but only upon a showing of the following:

(1) Roberts shall successfully complete the Multistate Professional Responsibility Exam within the first year of suspension;

(2) Roberts shall pay all costs of the investigation and prosecution of this matter in the amount of $313.17 on or before May 19, 1995;

(3) Roberts shall observe all Rules of Professional Conduct and Rules Governing Discipline during his suspension; and

(4) Roberts shall demonstrate, through a licensed psychologist or psychiatrist, a meaningful and sustained period of successful rehabilitation of his psychological condition.

IT IS FURTHER ORDERED that this opinion be published in the *New Mexico Reports* and *Bar Bulletin.*

Costs of these disciplinary proceedings in the amount of $313.17 are assessed against Roberts and shall be paid to the disciplinary board on or before May 19, 1995. Any amounts not paid by that date shall bear interest at the rate of fifteen percent (15%) per annum until paid, and a transcript of judgment will be issued by this Court for any amounts not paid by May 19, 1995.

IT IS SO ORDERED.