777 P.2d 378

**In the Matter of Joseph M. TAPIA, Jr., An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 18414.**

Supreme Court of New Mexico.

July 12, 1989.

Rehearing Denied Aug. 8, 1989.

Virginia L. Ferrara, Timothy M. Padilla, Albuquerque, Eric Treisman, Santa Fe, Randall D. Van Vleck, Albuquerque, for Board.

D. Diego Zamora, Santa Fe, for respondent.

OPINION

PER CURIAM.

This matter is before the Court following disciplinary proceedings on consolidated charges conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316, wherein attorney Joseph M. Tapia, Jr., was found to have committed

numerous violations of the Rules of Professional Conduct, SCRA 1986, 16–101 through 16–805. As the Disciplinary Board's findings, conclusions, and recommendations are justified by the evidence in the record, we adopt them and suspend Tapia from the practice of law for an indefinite period of time pursuant to Rule 17–206(A)(3).

Tapia was attorney of record for Charlie Pacheco, the defendant in a criminal matter pending before the magistrate court in Santa Fe County. Despite receiving timely notices of trial settings, he failed to appear on three separate occasions or to file requests for a continuance in advance of his failures to appear. Opposing counsel, witnesses, and Tapia's client appeared at each of the settings, an indication that they were as unaware as the court of Tapia's plans. Tapia claims that shortly before one of the scheduled trials, he had a chance encounter with the judge at a social gathering and obtained a continuance from him at that time. Not only is this explanation undermined by the testimony of another witness, it also would not excuse his conduct even if believed. The Rules of Criminal Procedure for the Magistrate Courts, SCRA 1986, 6–104(C) (Supp.1987), do not provide for a continuance to be sought in this manner.

In this instance, Tapia committed violations of SCRA 1986, 16–304(C) and 16–804(D).

Tapia also represented Elizabeth Martinez in a divorce proceeding. A hearing was held on January 23, 1988, at which time rulings were made on the disputed issues of child support and visitation. Despite repeated inquiries from his client, Tapia failed to take the steps necessary to conclude the matter. Only after Ms. Martinez complained to the Disciplinary Board in May 1988 did Tapia contact her, and the divorce decree was finally entered on July 8, 1988. Tapia's failure to finalize this divorce for over five months deprived his client of at least $1,000 in child support during 1988.

Tapia's conduct here violated SCRA 1986, 16–103, 16–104, and 16–804(D).

In August 1987, Tapia was paid $10,000 by Rita Padilla on behalf of her son Herman. Both Herman Padilla and his mother understood that the money would cover Tapia's fees for the representation of Herman Padilla in federal criminal proceedings, *habeas corpus* proceedings related to a state conviction, and Tapia's investigation of a possible civil action on behalf of Padilla against the Bernalillo County Detention Center. Tapia represented Padilla at his trial and sentencing in the federal proceedings and filed a timely notice of appeal. He failed, however, to tender a filing fee, file a docketing statement, or arrange for the transcript of proceedings to be forwarded to the appellate court, all of which are required of trial counsel pursuant to federal procedural rules.

In January 1988, the Tenth Circuit Court of Appeals ordered Tapia to show cause why he should not be disciplined for these omissions. Based upon representations made by Tapia in response, the order to show cause was discharged on condition that Tapia file a docketing statement, forward the transcript, and move the district court for leave to allow Padilla to proceed *in forma pauperis.*

Tapia filed the *in forma pauperis* motion as directed but failed to comply with the other conditions of the Court's order. On April 19, 1988, he was again ordered to show cause within ten days why he should not be fined or disbarred for his failure to file the docketing statement and forward the transcript. Tapia did not respond in any way to this order or to a subsequent order to show cause why he should not be fined or disbarred for his failure to adequately represent Padilla or respond to the April 19 order. On July 15, 1988, he was disbarred from further practice before the Tenth Circuit Court of Appeals.

Between November 1987 and May 1988, both Padilla and his sister, Melba Ortiz, wrote numerous letters to Tapia requesting information on the status of all the cases and, on at least one occasion, requested an accounting of the $10,000. While he gave oral assurances that he was working on the cases, Tapia never responded to specific

questions or provided an accounting. Additionally, apart from sending a notice of intent to sue in the civil case, Tapia took no action of any kind in that case or in the *habeas corpus* matter. Under the circumstances, he charged an excessive fee.

With respect to his representation of Herman Padilla and his conduct before the Tenth Circuit Court of Appeals, Tapia violated SCRA 1986, 16–101, 16–103, 16–104(A), 16–115(B), 16–302, 16–304(C), 16–804(D), and 16–804(H).

In addition, during the investigation of these and other complaints, Tapia either failed to respond to the inquiries of disciplinary counsel or did so only tangentially and only after repeated requests and prolonged delays. Tapia thus violated SCRA 1986, 16–803(C).

The hearing committee and the Disciplinary Board also found numerous factors in aggravation of Tapia's misconduct, the most troubling of which is his record of prior discipline for nearly identical acts of failure to communicate with clients, violations of court orders and procedural rules, and refusal to acknowledge communications from the office of disciplinary counsel. Tapia was formally reprimanded by the Board for this misconduct on September 5, 1986, but this sanction does not appear to have persuaded him to conform his conduct to acceptable standards. Our concern is with injury or potential injury to clients, the legal system, or the public, and when a lawyer has been reprimanded but continues to engage in the same or similar misconduct, suspension is the appropriate sanction. *See* American Bar Association, *Standards for Imposing Lawyer Sanctions* 8.2 (1986).

IT IS THEREFORE ORDERED that Joseph M. Tapia, Jr., be and hereby is suspended indefinitely from the practice of law for a minimum period of two years pursuant to SCRA 1986, 17–206(A)(3), effective July 22, 1989. All but one year of said suspension will be deferred, and Tapia will be reinstated to practice on a probationary status as of July 22, 1990, provided he makes an appropriate showing that he has met the following preconditions to reinstatement:

(1) That he has made restitution to Rita Padilla in the amount of $5,000 plus interest in the amount of fifteen percent per annum beginning on July 22, 1989, the effective date of suspension; and

(2) That he has taken and received a passing grade on the Multistate Professional Responsibility Examination.

During the period of probation, Tapia must adhere to the following terms and conditions:

(1) He will meet on a regular basis with a supervising attorney to be appointed by this Court and develop and utilize to the supervisor's satisfaction law office management procedures that will enable him to respond to client's calls, meet court and procedural deadlines, and provide clients with accountings of funds and case status reports as requested;

(2) He will attend a CLE program designed to assist attorneys with appropriate office management procedures;

(3) He will attend three hours of CLE programs in the area of attorney ethics;

(4) He will agree in writing (prior to re-admission on a probationary status) to promptly respond and will promptly respond to any request for information from clients and from the office of disciplinary counsel; and

(5) He will comply with all time limits and procedural rules of all courts before which he appears.

Should Tapia violate any of the conditions of his probation, he may be found in contempt by this Court pursuant to SCRA 1986, 17–206(G), and the remaining period of actual suspension may be imposed.

IT IS FURTHER ORDERED that Tapia's full reinstatement will not be automatic but will occur only after a reinstatement hearing conducted pursuant to SCRA 1986, 17–214(D) and (G).

IT IS FURTHER ORDERED, pursuant to SCRA 1986, 17–213(A), that Sarah M. Singleton, Esq., be and hereby is designated to inventory all of Tapia's open files and

take such action as is deemed appropriate to protect the interests of both the clients and Tapia. Any reasonable costs incurred by Ms. Singleton or by Tapia's clients as a result of this suspension will also be assessed against Tapia upon an appropriate showing and must be paid prior to his probationary reinstatement.

IT IS FURTHER ORDERED that Tapia shall file with this Court on or before August 1, 1989, evidence of his compliance with all of the requirements of Rule 17–212 and serve a copy of his affidavit of compliance upon disciplinary counsel.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Joseph M. Tapia, Jr., from the roll of those persons permitted to practice law in New Mexico.

Costs in the amount of $1,534.03 are hereby assessed against Tapia and must be paid to the Disciplinary Board prior to his probationary reinstatement.

IT IS SO ORDERED.