779 P.2d 112

**In the Matter of Clyde E. SULLIVAN, Jr. An Attorney Admitted to Practice before the Courts of the State of New Mexico.**

**No. 14655.**

Supreme Court of New Mexico.

Sept. 6, 1989.

Charles A. Wyman, Albuquerque, for Board.

Clyde E. Sullivan, Jr., Albuquerque, pro se.

## OPINION

### PER CURIAM.

This matter is before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316, wherein attorney Clyde E. Sullivan, Jr. was found to have committed various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 through 16–805 (Repl.1988). We adopt the Disciplinary Board's findings of fact and conclusions of law and recommendation that Sullivan be suspended from the practice of law for a period of six (6) months pursuant to SCRA 1986, 17–206(A)(2) and placed on probation for a period of two (2) years pursuant to SCRA 1986, 17–206(B)(1) (Repl.1988).

The disciplinary charges in this matter arose out of Sullivan's representation of Fred and Dana Pergeson for the purpose of filing a bankruptcy action. In January 1988, Sullivan accepted an advance fee of $200 to begin preparation of the bankruptcy petition. This money was not deposited in a trust account because Sullivan did not maintain one.

The bankruptcy petition was completed and signed by the end of February 1988. Pursuant to Sullivan's instructions, the Pergesons mailed the completed petition to him along with two checks payable to Sullivan. One check was for $90 to pay the filing fee, and the other was for the $325 balance of Sullivan's fee. Sullivan cashed both checks and, according to Sullivan, mailed $90 in cash along with the bankruptcy petition to Roswell, New Mexico, for filing with the United States Bankruptcy Court. Sullivan kept no financial records of these cash transactions nor did he keep copies of the petition for himself and his clients.

After mailing the petition, Sullivan became aware in March 1988 that the bankruptcy court had no record of having received the pleading or filing fee. Sullivan made no effort to prepare a second petition, and communications with his clients became sporadic over the next several months. At the end of August, the Pergesons sent a certified letter to Sullivan in which they discharged him and demanded a refund of the fees and costs paid to him. Sullivan received this letter but failed to open it. In response to disciplinary counsel's inquiry in September 1988, Sullivan mailed the certified letter (still unopened) to the Board.

As of the date of the evidentiary hearing in this matter, May 15, 1989, Sullivan had reimbursed $240 to his clients and had given them a promissory note for the remaining balance, which note was already in default. Dana Pergeson testified at the hearing that she and her husband could not afford to retain another attorney to duplicate the original expense and that their reasons for considering bankruptcy in the first place still persisted.

The foregoing acts and omissions of Sullivan violated Rules 16–101, 16–103, 16–104(A), 16–115(A), and 16–804(D) and (H).

Sullivan previously has received a formal reprimand for neglect of a client's case and failure to reimburse all unearned fees. At that time he specifically was directed to ensure that such misconduct did not recur. In the present case, there are no mitigating circumstances such as a forthright admission of misconduct or full restitution to the clients prior to the filing of formal charges. While the primary purpose of lawyer discipline is the protection of the public and not punishment of the attorney, we have no alternative under the circumstances presented but to impose a harsher sanction than was previously given Sullivan. This Court will not tolerate repeated misconduct of the same or similar nature. See In re Tapia, 108 N.M. 650, 777 P.2d 378 (1989).

We view the mishandling of a client's funds and failure to maintain a separate trust account as serious forms of professional misconduct. *See In re Martinez,* 108 N.M. 252, 771 P.2d 185 (1989).

IT IS THEREFORE ORDERED that Clyde E. Sullivan, Jr. be and hereby is suspended from the practice of law effective August 16, 1989, for a period of six (6) months pursuant to Rule 17–207(A)(2). As a prerequisite to reinstatement pursuant to Rule 17–214(B)(1), Sullivan must show that he has taken and passed the multi-state professional responsibility examination.

IT IS FURTHER ORDERED that upon reinstatement from the suspension, Sullivan shall be placed on probation for a period of two (2) years and shall be required to establish and maintain a trust account pursuant to Rule 16–115 and Rule 17–204. He also shall be required to pay all costs of semi-annual audits to be performed during this period of probation by an accountant designated by the Disciplinary Board.

IT IS FURTHER ORDERED that Sullivan be and hereby is required to make restitution to the Pergesons in the amount of $350 to be paid to them forthwith but in any event no later than October 16, 1989.

IT IS FURTHER ORDERED that within ten (10) days after the effective date of his suspension, Sullivan shall file with the Court evidence of his compliance with all the requirements of Rule 17–212, and he shall serve a copy of his affidavit of compliance upon disciplinary counsel.

IT IS FURTHER ORDERED pursuant to Rule 17–213(A), that Roy A. Anuskewicz, Esq., be and hereby is designated to inventory all of Sullivan's open files and take such action as is deemed appropriate to protect the interests of the clients and Sullivan. Any reasonable costs incurred by Anuskewicz or by Sullivan's clients as a result of this suspension also shall be assessed against Sullivan upon an appropriate showing and must be paid prior to reinstatement. Any violations of the orders herein shall be brought to the Court's attention by disciplinary counsel pursuant to Rule 17–206(G) and may result in an additional suspension or other appropriate discipline.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Clyde E. Sullivan, Jr. from the roll of those persons permitted to practice law in New Mexico.

The costs of those proceedings in the amount of $512.52 are assessed against Sullivan and must be paid to the Disciplinary Board on or before October 16, 1989.

IT IS SO ORDERED.