796 P.2d 245

**In the Matter of H. Gregg PRIVETTE, Esq. An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

No. 19316.

Supreme Court of New Mexico.

Aug. 22, 1990.

Charles A. Wyman, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

H. Gregg Privette, Truth or Consequences, pro se.

OPINION

PER CURIAM.

This matter is before the court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316 (Repl. Pamp.1988 & Cum.Supp.1990) wherein attorney H. Gregg Privette failed to file any responsive pleadings to the formal charges, failed to appear before the hearing committee or board panel and, hence, was deemed to have admitted various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 through 16–805 (Repl.Pamp.1988 & Cum.Supp.1990). We adopt the Disciplinary Board's findings of fact, conclusions of law and recommendations that Privette be suspended indefinitely from the practice of law for a period of no less than one year, and, after that time, he may apply for reinstatement only if he has complied with all conditions hereinafter ordered.

The disciplinary charges in this matter arose out of Privette's separate representations of Ms. Joyce Green, Ms. Elaine Sanchez and Mr. Arlie Murray, all of whom resided in Truth or Consequences, New Mexico.

In the first case, Privette accepted a retainer fee from Ms. Green in a domestic relations matter. Thereafter, she filed her disciplinary complaint alleging that he had neglected her case, failed to communicate with her and failed to earn his fee. Although Privette belatedly sent a written response to the initial disciplinary inquiry concerning this complaint, he subsequently failed to respond in any manner to two additional letters from disciplinary counsel seeking further information in the matter, whereupon formal charges were filed pursuant to Rule 17–309.

In his representation of Ms. Sanchez, Privette settled personal injury claims on her behalf and agreed to see that her debts to various medical care providers were paid from the settlement proceeds. Subsequently, Ms. Sanchez filed her disciplinary complaint alleging that he had failed to pay a hospital bill, which resulted in substantial damage to her credit worthiness, and had failed to communicate with her or her new attorney in order to rectify the matter. Upon written inquiry by disciplinary counsel, Privette failed to respond in any manner to successive letters from the Disciplinary Board, thus requiring the filing of formal charges.

In his representation of Mr. Murray, Privette accepted a retainer fee of $100.00 to appear on his client's behalf at a hearing in an administrative proceeding. Subsequently, Mr. Murray filed his disciplinary complaint alleging that Privette failed to appear at the hearing because he was drinking in a local liquor establishment. Upon written inquiry by disciplinary counsel, Privette failed to respond in any manner to successive letters from the Disciplinary Board. Since these letters of inquiry were close in time to those mailed to Privette concerning Ms. Sanchez's complaint, the two matters were combined in the same set of formal charges.

After Privette failed to answer any of the formal charges filed against him, the charges were deemed to be admitted, pursuant to Rule 17–310(C), and the hearing committee consolidated the separate sets of charges for purposes of a hearing to determine the nature of the committee's recommendation to the Disciplinary Board after consideration of any facts in aggravation or mitigation of Privette's misconduct. Privette failed to attend this hearing.

With regard to the charges concerning Ms. Green's complaint, Privette's acts and omissions violated Rules 16–803(D), and 16–804(D) and (H). With regard to the charges concerning Mr. Murray's complaint, he violated Rules 16–101, 16–102(A), 16–103, 16–104(A), 16–105(A), 16–302, 16–803(D), and 16–804(D) and (H). With regard to the charges concerning Ms. Sanchez's complaint, Privette violated Rules 16–102(A), 16–103, 16–104(A), 16–115(B), 16–803(D), and 16–804(D) and (H).

Privette previously has received a formal reprimand for neglect of appellate litigation and a ninety-day suspension for trust account violations in another matter. Repeated misconduct of the same or similar nature will not be tolerated. *See Matter of Tapia*, 108 N.M. 650, 777 P.2d 378 (1989). In the present matter, there was some indication that Privette's use of alcohol may have been one factor in contributing to certain misconduct. While neither the hearing committee nor the Disciplinary Board made any findings or conclusions in this regard, both recommended that Privette be required to respond to inquiries with respect to whether his use or abuse of alcohol would constitute a significant factor in his ability to resume the practice of law at any subsequent hearing held to consider his application for reinstatement.

It is therefore ordered that H. Gregg Privette is suspended indefinitely from the practice of law effective August 1, 1990, for a period of no less than one year therefrom, pursuant to Rule 17–206(A)(3).

It is further ordered that the following preconditions to any application for reinstatement are imposed, pursuant to Rule 17–214(B)(2):

1. He shall pay to the Disciplinary Board all costs of these disciplinary proceedings;

2. He shall refund the retainer paid by Mr. Murray in the amount of $100.00;

3. He shall pay Ms. Sanchez the sum of $121.00, which was the amount of her unpaid hospital bill;

4. He shall write a letter of explanation on Ms. Sanchez's behalf to the hospital and to the Albuquerque Credit Bureau, advising that she was not responsible for the fact the bill remained unpaid after she entrusted to Privette a sufficient sum for him to pay this bill;

5. He shall provide to the hearing committee a complete explanation, together with documentation, of the transactions in

his trust account with respect to this unpaid hospital bill. Such documentation shall include canceled checks, check stubs, deposit slips, bank statements, transmittal letters, and any other documents necessary for a full explanation; and

6. He shall provide an itemized statement of time spent on Ms. Green's domestic relations matter, with an explanation of the terms of his fee agreement, and, to the extent that any portion of the retainer paid was not earned, he shall reimburse that amount to her.

It is further ordered that at such time as Privette may apply for reinstatement after August 1, 1991, he shall proceed in accordance with Rule 17–214(B)(2) and shall be prepared to provide satisfactory responses to the committee's inquiries concerning whether his use or abuse of alcohol constitutes a significant factor in consideration of his ability to resume the practice of law.

It is further ordered that by August 31, 1990, Privette shall file with the court evidence of his compliance with all the requirements of Rule 17–212, and he shall serve a copy of an affidavit of compliance upon disciplinary counsel.

It is further ordered, pursuant to Rule 17–213(A), that attorney Mark A. Filosa is appointed to inventory all of Privette's open files and take such action as is deemed appropriate to protect the interests of Privette and his clients. Any reasonable costs incurred by Filosa or by Privette's clients as a result of this suspension also shall be assessed against Privette upon an appropriate showing and must be paid prior to reinstatement. Any violations of the orders herein shall be brought to the court's attention pursuant to Rule 17–206(G) and may result in the imposition of additional discipline.

It is further ordered, pursuant to Rule 17–206(D), that these orders shall be published in the *New Mexico Reports* and the *Bar Bulletin* and filed with the clerk of the supreme court who shall strike the name of H. Gregg Privette from the roll of those persons permitted to practice law in New Mexico.

The costs of these proceedings in the amount of $17.03 are assessed against Privette and must be paid to the Disciplinary Board on or before September 10, 1990.

IT IS SO ORDERED.
DAN SOSA, Jr.
Chief Justice
RICHARD E. RANSOM
Justice
JOSEPH F. BACA
Justice
SETH D. MONTGOMERY
Justice
KENNETH B. WILSON
Justice