813 P.2d 1015

**In the Matter of Robert RIVERA, An Attorney Licensed to Practice Before the Courts of the State of New Mexico.**

No. 17787.

Supreme Court of New Mexico.

July 9, 1991.

Rehearing Denied Aug. 9, 1991.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Thomas L. Dunigan, Santa Fe, for respondent.

OPINION

PER CURIAM.

This matter is before the court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 to –316 (Repl.Pamp. 1988 & Cum.Supp.1990). Attorney Robert Rivera, in accordance with an agreement not to contest and to consent to discipline reached pursuant to Rule 17–211(A), does not contest the allegations that he committed various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 to –805 (Repl.Pamp.1988 & Cum.Supp.1990). Pursuant to Rule 17–211(B)(1)(a), we approve and adopt the Disciplinary Board's acceptance of Rivera's consent to discipline, and impose a period of probation.

In October 1988 Leroy Ortega, a self-employed wood carver, asked Rivera to represent him in a vehicle repossession case filed against him in the Second Judicial District. Ortega gave Rivera the summons and complaint he had received and paid a retainer of $300. In the weeks that followed, Ortega had several conversations with Rivera and was assured that everything was under control. Notwithstanding these assurances, Rivera filed no answer on behalf of Ortega, and a default judgment was entered. Ortega learned of this in January 1989, when he was served with a writ of garnishment.

Rivera again told Ortega that there was no need for concern and that he would handle the problem. When Ortega could not reach Rivera and nothing seemed to be happening in the case for nearly five months, he sought advice from another attorney. The new attorney was successful in having the default set aside on the basis

of Rivera's lack of diligence and on the fact that Ortega had several viable defenses. A settlement ensued.

Ortega's new attorney attempted to contact Rivera and obtain a refund of Ortega's $300.00 which was needed by Ortega to meet the terms of the settlement agreement. Despite Rivera's promises to refund the money, it was never received and Ortega had to make other arrangements to pay the settlement. Pursuant to his obligations under Rule 16–803(A), Ortega's attorney referred the matter to disciplinary counsel in November 1989.

In correspondence with disciplinary counsel during 1990, Rivera first claimed he earned the $300.00 by doing research, but later agreed to refund the money and reimburse Ortega the fees he paid his new attorney. Although Rivera reimbursed Ortega in October 1990, two reviewing officers refused to concur with disciplinary counsel's suggestion that Rivera be admonished informally for his conduct, and formal charges were filed. Rivera now acknowledges that his conduct was violative of SCRA 1986, 16–101, 16–102(A), 16–103, 16–104(B), 16–105(A), 16–116(D), and 16–804(H).

In addition, it had been discovered that Rivera had failed to pay his bar dues for several years, as his name inadvertently had been dropped from the State Bar's computer. This problem generated another series of inquiries from disciplinary counsel regarding Rivera's intent to rectify this problem and pay his accumulated dues. Rivera's responses to these inquiries were sporadic at best, and he thus violated SCRA 1986, 16–801(B) and 16–803(D).

The type of conduct exhibited by Rivera in this matter, although not entirely appropriate, would not ordinarily give rise to the need for formal action by this court. Isolated instances of neglect and failure to communicate with a client or with disciplinary counsel are unfortunate and can undermine the confidence of the public in the legal profession. Nevertheless, the purpose of attorney discipline is not to provide individual remedies to complainants but to insure that future misconduct will be avert-

ed. An informal sanction or a reprimand by the disciplinary board usually will suffice to correct a lack of diligence.

In this case, however, Rivera previously has been formally reprimanded for nearly identical violations of the Rules of Professional Conduct. *In re Rivera*, 27 SBB 37 (September 15, 1989). When an attorney has been reprimanded but continues to engage in the same or similar misconduct, suspension from practice is generally the appropriate sanction. *In re Tapia*, 108 N.M. 650, 777 P.2d 378 (1989); *see also* American Bar Association, *Standards for Imposing Lawyer Sanctions* 8.2. (1986).

Because there was no finding that Rivera acted dishonestly and because the client ultimately was reimbursed and suffered no harm, we find that there are mitigating factors, which lead us to believe that suspension is unnecessary in this case. We note as well that Rivera claims to have been experiencing a drinking problem during the period when these matters arose but that he has abstained from the use of alcohol for more than six months and intends to remain sober. In view of these factors, we exercise our discretion under Rule 17–206(B)(1) to defer the period of suspension and place Rivera on probation.

IT IS THEREFORE ORDERED that Robert Rivera be suspended from the practice of law for six months pursuant to Rule 17–206(B), effective July 1, 1991, but that imposition of said suspension be deferred for a period of one year and Rivera placed on unsupervised probation on the following terms and conditions:

1. That he commit no violations of the Rules of Professional Conduct;

2. That he respond promptly to any and all requests from disciplinary counsel regarding any complaint that may be filed against him;

3. That he immediately report to the State Bar of New Mexico and to the clerk of this court any change in his business address;

4. That he take and pass the Multistate Professional Responsibility Examination; and

5. That he reimburse the disciplinary board its costs in bringing this action.

IT IS FURTHER ORDERED that any failure by Rivera to comply with the above terms and conditions shall be brought to this court's attention by chief disciplinary counsel in a verified motion for order to show cause pursuant to Rule 17–206(G). If held in contempt, Rivera may be censured, fined, suspended or disbarred. Upon the completion of his probationary period, Rivera must file with this court an affidavit of compliance with all the terms and conditions of probation pursuant to Rule 17–214(G) if his probation is to be terminated.

IT IS FURTHER ORDERED that this opinion be published in the *New Mexico Reports* and the State Bar of New Mexico *Bar Bulletin.*

Costs of this action in the amount of $125.10 are assessed against Rivera and must be paid to the disciplinary board no later than August 30, 1991.

IT IS SO ORDERED.