834 P.2d 414

In the Matter of the Petition for
Reinstatement of Joseph M.
TAPIA, Jr.

An Attorney Suspended from Practice
before the Courts of the State of
New Mexico.

No. 18414.

Supreme Court of New Mexico.

June 30, 1992.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

David L. Norvell, Albuquerque, for petitioner.

## OPINION

PER CURIAM.

This matter is before the Court following reinstatement proceedings conducted pursuant to the Rules Governing Discipline, SCRA; 1986, 17–101 to –316 (Repl.Pamp. 1991), in which Joseph M. Tapia, Jr. petitioned for reinstatement to the practice of law following his suspension, imposed by this Court on October 10, 1990. *In re Tapia*, 110 N.M. 693, 799 P.2d 129 (1990). The Disciplinary Board has recommended that Tapia's petition be granted and that he be reinstated to the practice of law on a probationary basis. We agree with this recommendation.

IT IS THEREFORE ORDERED that the petition for reinstatement be granted and that Joseph M. Tapia, Jr. be reinstated to the practice of law on a probationary basis for a period of two years on the following terms and conditions:

A. That he work under the supervision of Michael Schwarz, Esq., who is hereby appointed as an arm of this Court to serve as Tapia's probation monitor during the term of Tapia's probation. Schwarz is to undertake the following responsibilities in his capacity as monitor:

(1) To approve or disapprove Tapia's acceptance of employment on any case during the two year probation;

(2) To meet with Tapia at least weekly during the first eighteen months of supervision and discuss with Tapia the status of all pending cases in which he has accepted employment;

(3) To report Tapia's progress to disciplinary counsel monthly for the first eighteen months of supervision; and

(4) To immediately notify disciplinary counsel of any noncompliance by Tapia with any of the terms of his probation, including any failure by Tapia to observe the Rules of Professional Conduct or the laws of the State of New Mexico, or any failure by Tapia to fully cooperate with Schwarz.

B. That after eighteen months Schwarz shall advise this Court if he believes Tapia is able to continue to practice under less supervision and, if so, he may meet with Tapia monthly, rather than weekly, for the remaining six months of probation.

C. That Tapia meet with Schwarz as directed and accept no case without his permission;

D. That Tapia reimburse Schwarz, within thirty days of billing, for time spent supervising him at Schwarz's discounted hourly rate of $100 plus gross receipts tax;

E. That Tapia advise any court in which he is appearing of Schwarz's address and phone number and request that the court contact Schwarz if he fails to appear at any scheduled hearing;

F. That he continue seeing a psychotherapist on a regular basis, at least monthly, until released by his psychotherapist, but in no event for less than one year;

G. That he execute and deliver a written document authorizing and directing his psychotherapist to notify disciplinary counsel in the event treatment sessions are less than monthly or in the event that he misses any scheduled session; and

H. That he promptly respond to any request for information from: any client, his probation monitor, or disciplinary counsel.

I. That he commit no violation of the Rules of Professional Conduct or the laws of the State of New Mexico.

IT IS FURTHER ORDERED that should Tapia violate any of the above conditions of probation, he shall be reported to this Court pursuant to the requirements of Rule 17–206(G) of the Rules Governing Discipline and, if found to be in contempt of this order, that he may be censured, fined, suspended, or disbarred.

IT IS FURTHER ORDERED that Tapia's full reinstatement to practice may occur only through the procedures outlined in Rule 17–214(G) of the Rules Governing Discipline.

IT IS FURTHER ORDERED that this opinion be published in both the State Bar of New Mexico *Bar Bulletin* and the *New Mexico Reports.*

Costs of these proceedings in the amount of $3,751.02 are assessed against Tapia and must be paid to the Disciplinary Board before he will be reinstated on a probationary basis. Upon being advised by disciplinary counsel that Tapia has made full payment of these costs, the Clerk of the New Mexico Supreme Court shall enter the probationary reinstatement.

IT IS SO ORDERED.