897 P.2d 214

**In the Matter of Victor R. RUYBALID, An Attorney Suspended from Practice Before the Courts of the State of New Mexico.**

**No. 22,207.**

Supreme Court of New Mexico.

June 26, 1995.

Sally E. Scott, Albuquerque, Deputy Chief Disciplinary Counsel.

Victor Ruybalid, Santa Fe, pro se.

## OPINION

PER CURIAM.

This matter came before the Court on disciplinary counsel's verified motion requesting the Court to order respondent, Victor R. Ruybalid, to show cause why he should not be held in contempt for failing to comply with the conditions of probation imposed by this Court pursuant to a conditional agreement not to contest and consent to discipline executed by respondent. On April 27, 1995, an order to show cause was issued directing respondent to file an answer to the show cause motion by May 12, 1995, and to appear on May 24, 1995, to show cause why he should not be held in contempt. Respondent filed his answer and appeared as directed.

The motion for order to show cause alleged that respondent failed to comply with the directives of his attorney supervisor and failed to cooperate with an audit of his trust account. The order imposing discipline required respondent to accept instruction from and comply with all directives of the supervisor concerning trust account record-keeping and management procedures, and demonstrate to the supervisor that his current trust account complied with SCRA 1986, 16–115 and 17–204. Respondent also was ordered to cooperate with and pay the cost of two audits of his trust account during the probation period.

On September 8, 1994, respondent met with his Court-appointed supervising attorney, who directed respondent to provide four things to him each month: a current client list, the monthly bank statement for the trust account, copies of all billings for the month, and a copy of respondent's client ledger sheets. By a letter of the same date, the supervisor confirmed respondent's agreement to provide this documentation.

Respondent did not provide the required documentation during the months of September, October, November, or December of 1994. In January 1995, after the supervisor repeated his request, respondent submitted a one-page document listing clients for the elapsed months. None of the other requested documents were provided. The supervisor reported respondent's failure to cooperate to disciplinary counsel and recommended that the first of two trust account audits required by the order imposing discipline be conducted.

Disciplinary counsel advised respondent by certified mail that his trust account would be audited. Thereafter, the auditor selected to conduct the trust account examination corresponded with respondent on two occasions requesting specific trust account documentation. Respondent did not respond to either letter. The auditor then advised disciplinary counsel that respondent's failure to cooperate made it impossible to examine respondent's trust account.

Respondent defends against these allegations of noncompliance by stating he told the supervisor there was no activity in his trust account and by arguing that the period the trust account examination would cover was not consistent with the order imposing discipline. Respondent argues that the examination could only cover the period of time during which he was on probation. Respondent's other defense is that he has been involved in running a business unrelated to his law practice, which makes significant demands on his time. Respondent's arguments do not explain or justify his failure to comply with the conditions of probation imposed by this Court.

The supervisor's letter listing the documents respondent was to submit each month demonstrates that respondent was advised of

the supervisor's directives and either failed or refused to comply. If respondent's understanding of what was required of him differed from that of the supervisor, respondent should have brought this discrepancy to the supervisor's attention in order to resolve it. Respondent neither complied with the supervisor's directives nor took steps to resolve any variance he perceived in what was required. Instead, respondent simply did nothing. Similarly, if respondent believed the time frame for the audit was too broad, he should have acted to obtain a resolution of the dispute. Instead, respondent failed to respond.

Additionally, the demands of respondent's other business do not justify his failure to comply with this Court's order imposing discipline. To retain the benefit of being on probation rather than being suspended from the practice of law, respondent must demonstrate strict compliance with the conditions of probation. *In re Schmidt,* 118 N.M. 213, 880 P.2d 310 (1994). In this case, respondent demonstrated indifference to his obligations and to retaining the privilege of practicing law and is no longer entitled to the benefit of having his indefinite suspension deferred.

NOW, THEREFORE, IT IS ORDERED that Victor R. Ruybalid is in contempt of this Court's order of August 18, 1994.

IT IS FURTHER ORDERED that the deferred status of the indefinite suspension imposed in the August 18, 1994, order hereby is revoked until such time when respondent can demonstrate to this Court that all conditions set forth in the conditional agreement not to contest and consent to discipline are satisfied.

IT IS FURTHER ORDERED that reinstatement shall be automatic upon a showing that all conditions have been met.

IT IS FURTHER ORDERED that should reinstatement occur before August 18, 1996, any balance of time remaining until then shall be on probationary status.

IT IS SO ORDERED.