917 P.2d 1379

**In the Matter of Joseph M. TAPIA, Jr., An Attorney Licensed to Practice Law Before the Courts of the State of New Mexico.**

No. 18414.

Supreme Court of New Mexico.

May 29, 1996.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Disciplinary Board.

David L. Norvell, Albuquerque, for Respondent.

## OPINION

PER CURIAM.

This matter is before the Court on an order to show cause issued pursuant to SCRA 1986, 17–206(G), wherein Joseph M. Tapia, Jr., was directed to appear before the Court and to show cause, if any he had, why

he should not be suspended or disbarred from the practice of law for his apparent failure to abide by the terms and conditions of the probation imposed by this Court on November 18, 1994. Tapia was not present in the courtroom for this proceeding but was represented by his attorney David L. Norvell, who was at a loss to explain his client's absence.

Tapia has been before this Court for disciplinary matters on several occasions in recent years. In 1989, we suspended him from the practice of law for two (2) years but deferred the imposition of all but one (1) year of actual suspension. *In re Tapia*, 108 N.M. 650, 777 P.2d 378 (1989). Because he subsequently was found to have committed additional violations of the Rules of Professional Conduct, he was not reinstated to practice after the one year's suspension but was continued on suspension for an additional year. *In re Tapia*, 110 N.M. 693, 799 P.2d 129 (1990). Tapia was ultimately reinstated to practice on a two years' probationary basis with rather stringent conditions designed to assist him in overcoming the difficulties he had shown in the past with respect to maintaining contact with clients and the courts before which he appeared. *In re Tapia*, 114 N.M. 37, 834 P.2d 414 (1992).

Tapia demonstrated some reluctance toward accepting supervision from and cooperating with his first supervisor. In June 1994, chief disciplinary counsel brought the matter of Tapia's lack of cooperation with the supervisor and other alleged violations of the terms of his probation to the attention of this Court pursuant to her responsibilities under SCRA 1986, 17–206(G). At that time, since there appeared to be some disagreement regarding whether or not Tapia was in violation of the terms and conditions of probation, we remanded the matter to the disciplinary board for a factual determination and recommendation. The matter ultimately was resolved by a stipulated agreement wherein Tapia acknowledged having violated certain conditions of probation and agreed to have the period of probation extended for an additional period of one (1) year under the supervision of a new monitor. We accepted that agreement on November 18, 1994.

One of the conditions of the stipulated agreement was that Tapia would miss no court appearances during his probationary period without previously having moved for and obtained court approval. Tapia admittedly has missed at least five appearances at trials, pre-trial conferences, and docket calls during the past few months in addition to having failed to appear on time for several other trials. He also has failed to meet regularly with his supervisor, has accepted several cases without his supervisor's permission and, until having been served with this order to show cause, was remiss in reimbursing his supervisor for the time spent in monitoring him.

■ Tapia contends through his attorney that his probation should have ended on November 18, 1995, thus any missed appearances after that date should not be viewed as violations of the terms of his probation. This argument fails for two reasons. First, Tapia's full reinstatement to the practice of law and the removal of his probationary status were not to have been automatic. Under Rule 17–214(H) of the Rules Governing Discipline, attorneys on probation must file a petition with this Court requesting full reinstatement and attaching thereto an affidavit of compliance with the terms and conditions of probation. These documents, along with any objections by disciplinary counsel, are then reviewed by a panel of the disciplinary board, which may recommend full reinstatement, an extension of the probationary period, or the imposition of other discipline. In that Tapia did not file such a petition, he remained on probation and subject to the terms and conditions imposed upon him by this Court.

■ Secondly, and perhaps more importantly, the objective of a period of supervised probation is not merely to insure that an attorney comports himself or herself in accordance with the Rules of Professional Conduct and other rules of law and procedure

during the period of probation and thereafter be free to return with impunity to whatever aberrant behavior brought about the sanction in the first place. An attorney on probation is obligated to utilize the assistance and guidance of the supervisor to modify the practices or habits which led to the initial finding of misconduct. Clearly, Tapia was either unwilling or unable to avail himself of this opportunity. An attorney who fails to strictly comply with the terms of probation designed to correct past deficiencies in his or her conduct should not be surprised that the result of this non-compliance is the loss, at least temporarily, of the privilege to practice law. *In re Ruybalid,* 120 N.M. 27, 897 P.2d 214 (1995).

■ We feel that we have been more than lenient with Tapia in the past and have provided him with every conceivable opportunity to bring his conduct into compliance with what is expected of attorneys in this state. While we are advised by his attorney that Tapia's current inadequacies might be attributable to several personal tragedies members of his family have recently experienced, we do not find this explanation compelling. Had Tapia previously exhibited a sustained attitude of cooperation and willingness to work with a probationary supervisor and to function capably within the legal system, we might be more inclined to excuse his current lapses on the basis of what are undeniably very lamentable circumstances. Unfortunately, Tapia's attitude toward his supervisors and, indeed, toward the entire disciplinary process consistently has been a negative one. There is no reason to believe, therefore, that his conduct would be any different under less chaotic conditions.

IT IS THEREFORE ORDERED that Joseph M. Tapia, Jr., be and hereby is suspended indefinitely from the practice of law pursuant to SCRA 1986, 17–206(A)(3), effective May 22, 1996. Reinstatement will not be automatic but will occur only after proceedings conducted pursuant to SCRA 1986, 17–214(B)(2) and 17–214(E), wherein Tapia will have the burden of showing by clear and convincing evidence that he possesses the intellectual, emotional, and professional qualifications to practice law in compliance with the Rules of Professional Conduct adopted by this Court.

IT IS FURTHER ORDERED that in no event may Tapia apply for reinstatement pursuant to SCRA 1986, 17–214(B)(2), until a period of at least two (2) years has elapsed. Any such petition must be accompanied by a showing that Tapia has (1) received therapy for the mental and/or emotional problems he claims to have been experiencing and that a licensed psychiatrist certify to this Court that said problems have either been eliminated or alleviated to the extent that they would not interfere with Tapia's ability to practice law; (2) retaken and repassed the New Mexico State Bar Examination; and (3) made full restitution to any client of fees paid to him in advance and unearned because of his suspension from practice.

IT IS FURTHER ORDERED that Janet E. Clow, Esq., be appointed pursuant to SCRA 1986, 17–213, to inventory Tapia's open files and take such action as is indicated to protect the interests of the clients and of Tapia. Tapia must reimburse Clow for any reasonable costs incurred by her in performing this inventory.

IT IS FURTHER ORDERED that this opinion be published in the *New Mexico Reports* and the State Bar of New Mexico *Bar Bulletin.*

IT IS SO ORDERED.

JOSEPH F. BACA, J., not participating.