This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: April 15, 2024**

**NO. S-1-SC-39920**

**IN THE MATTER OF
ALBERT COSTALES, ESQ.**

**An Attorney Licensed to Practice Before
the Courts of the State of New Mexico**

Jane Gagne, Assistant Disciplinary Counsel
Albuquerque, NM

for Petitioner

Kennedy, Hernandez & Harrison, P.C.
Paul John Kennedy, Esq.
Albuquerque, NM

for Respondent

## PUBLIC CENSURE

**PER CURIAM.**

**{1}** This matter came before this Court on the Decision and Recommendation for Discipline of the Panel of the Disciplinary Board of the New Mexico Supreme Court. We accept the panel's decision and approve its recommended discipline of a two-year indefinite and deferred suspension with terms, discussed below, and this public censure. We issue this public censure pursuant to Rules 17-206(A)(4) NMRA and 17-206(D) NMRA.

**{2}** Attorney Albert Costales (Respondent) failed to exhibit "civility and respect toward others, eroding public confidence in the legal system and weakening the effectiveness of the litigation on many levels." *In re Ortiz*, 2013-NMSC-027, ¶ 2, 304 P.3d 404.

# I.     PROCEDURAL HISTORY AND BACKGROUND

**{3}**     This disciplinary matter involves, in part, separate hearings in three separate criminal cases for which Respondent was the defense attorney; the same female prosecutor was on all three cases. First, during a hearing in March 2022, as the prosecutor examined a law enforcement officer, Respondent objected based on hearsay; before the judge responded, Respondent said to the prosecutor: "Do you know what that is . . . ?" Later, Respondent accused the prosecutor of not understanding the rules of evidence or trial practice. Later still, he accused the prosecutor of not being "up to speed on the law." After the judge said, "That's enough, Mr. Costales," Respondent argued with the judge.

**{4}**     Second, in another hearing later the same month, Respondent argued with a witness and again insulted the prosecutor. Third, during a hearing in June 2022, he again insulted the prosecutor, repeatedly argued with the judge, and accused the judge of bias.

**{5}**     After a hearing, Respondent told the same prosecutor off the record: "Go to hell." Finally, he stated in an email to that prosecutor, "Lay off the trendy feminist baloney."

**{6}**     The prosecutor submitted a disciplinary complaint. On September 7, 2022, the Office of Disciplinary Counsel of the New Mexico Supreme Court Disciplinary Board brought formal charges against Respondent. The Hearing Committee of the Disciplinary Board held a hearing on the merits on January 5, 2023. On February 15, 2023, the hearing committee issued its proposed findings of fact and conclusions of law and recommendation for discipline.

**{7}**     The hearing committee found that Respondent accepted responsibility for his actions and agreed that he needs professional mental health assistance. Indeed, Respondent admitted that his behavior was "entirely inappropriate." He attributed his improper behaviors to his "stronger personality and [being] a zealous individual" and to personal problems.

**{8}**     The hearing committee found that Respondent's actions violated multiple Rules of Professional Conduct: Rule 16-304(C) NMRA, which prohibits "knowingly disobey[ing] an obligation under the rules of a tribunal"; Rule 16-305(D) NMRA, which prohibits "engag[ing] in conduct intended to disrupt a tribunal"; Rule 16-404(A) NMRA, which prohibits "us[ing] means that have no substantial purpose other than to embarrass, delay or burden a third person"; and Rule 16-804(D) NMRA, which prohibits "conduct that is prejudicial to the administration of justice[.]"

**{9}**     The hearing committee recommended that Respondent be indefinitely suspended for two years with the suspension deferred; that he be on probation for the two-year deferral period; and that he receive counseling in areas of conflict management, anger management, and diversity and gender training including implicit gender bias.

**{10}**  Pursuant to Rules 17-313(E) and 17-314(B) NMRA, disciplinary counsel sought review by the disciplinary board panel on the basis that the recommendation of a fully deferred suspension was unsupported. Disciplinary counsel sought an indefinite suspension for a minimum of two years, with all but six months deferred, with probation during the year-and-a-half deferral period subject to the conditions recommended by the hearing committee.

**{11}**  On May 1, 2023, after full briefing, the panel issued its decision approving the hearing committee's findings of fact and its conclusions of law and its recommendation for discipline. The panel considered several mitigating and aggravating factors as supporting its recommendation for discipline: in aggravation, that Respondent has (1) two prior disciplinary offenses of the same nature, (2) engaged in a pattern of misconduct, (3) multiple offenses, and (4) substantial experience in the practice of law. In mitigation, that (1) Respondent was remorseful; (2) the prior disciplinary actions imposed insufficient rehabilitative efforts by only imposing a CLE in civility, but not in the areas of anger management, conflict resolution management, professional mental health treatment and counseling, and gender bias training; (3) Respondent had mental distress due to the end of his 37-year marriage; and (4) no judge had complained.

**{12}**  Neither party requested review from this Court. *See* Rule 17-316 NMRA. By order issued on August 18, 2023, we accepted the panel's decision and approved its recommendation of discipline.

## II.     DISCUSSION

**{13}**  Yet again, we are called upon to alert lawyers to their ever-present duty to "maintain civility at all times [and] abstain from all offensive personality[.]" Rule 15-208 NMRA.[1] When attorneys fail to honor that duty, they are

> eroding public confidence in the legal system and weakening the effectiveness of the litigation on many levels. Treating others with respect and abstaining from offensive conduct are not standards unique to the legal profession, but maintaining such standards of behavior is critical to the proper functioning of our adversarial system of justice.

*In re Ortiz,* 2013-NMSC-027, ¶ 2.

**{14}**  Civility is as much a necessary part of the proper practice of law as competence. A lawyer's respectful demeanor can advance his client's case; an offensive demeanor can impair a client's case. Civility enforces integrity and honor of our profession; incivility demeans our profession. Incivility is not a valid strategy.

---

1 The equivalent to Rule 15-208 NMRA in effect at the time of Respondent's violations was 15-304 NMRA (2022). The quoted language is the same in both rules.

**{15}** In this case, Respondent's repeated demeaning insults of the prosecutor and arguments with the judge did nothing to advance his clients' interests but only disrupted the proceedings.

**{16}** Because Respondent admits his improper behaviors, "our focus is the appropriate level of discipline." *Id.* ¶ 13. The difficulty in this case is that Respondent evidently has not learned from his prior mistakes.

## III. DISCIPLINARY HISTORY

**{17}** Respondent has two prior disciplinary offenses for similar misconduct. First, in January 2016, pursuant to a Conditional Agreement to Discipline by Consent, we imposed a two-year deferred suspension, including a condition that Respondent attend a CLE on civility, for repeatedly and improperly accusing a child support hearing officer of bias.

**{18}** Second, in April 2021, Respondent received a formal reprimand from the Disciplinary Board for disrupting a court proceeding by repeatedly arguing with and interrupting the district court judge.

**{19}** Yet despite those prior sanctions, Respondent has not learned the crucial lessons any lawyer should know.

**{20}** Ordinarily, "[w]hen an attorney has been reprimanded but continues to engage in the same or similar misconduct, suspension from practice is generally the appropriate sanction." *In re Rivera*, 1991-NMSC-064, ¶ 8, 112 N.M. 217, 813 P.2d 1015. We decline to follow that dictate in this case only because Respondent has fully admitted his misconduct and has expressed genuine remorse; the likelihood of repeated misconduct greatly diminishes with acknowledgment of misconduct and remorse. Also, we are hopeful that the requirement of counseling in specific areas will facilitate full rehabilitation.

**{21}** However, we will not be so lenient should Respondent repeat his unacceptable conduct. Respondent is given an opportunity to show that he can completely rehabilitate. Should Respondent repeat his harmful and improper behaviors, we will not hesitate to suspend or even permanently remove his license to practice law.

## IV. CONCLUSION

**{22}** We therefore adopt the recommendations, findings of fact, and conclusions of law of the disciplinary board. We conclude that Respondent violated Rule 16-304(C) by knowingly disobeying an obligation under the rules of a tribunal; Rule 16-305(D) by engaging in conduct intended to disrupt a tribunal; Rule 16-404(A) by using means that have no substantial purpose other than to embarrass, delay, or burden a third person; and Rule 16-804(D) by engaging in conduct prejudicial to the administration of justice.

**{23}** As set forth in our order of August 18, 2023, Respondent is indefinitely suspended from the practice of law for a minimum period of two years pursuant to Rule

17-206(A)(3) NMRA, with the suspension deferred, and Respondent placed on probation pursuant to Rule 17-206(B)(1) NMRA, effective the date of our order. During his period of probation, which shall last the entire time of his deferred suspension, Respondent must (1) observe and comply with the Rules of Professional Conduct and the Rules Governing Discipline; (2) pay the costs of this proceeding; (3) continue in counseling unless his counselor certifies in writing to disciplinary counsel that he no longer needs counseling and that he is unlikely to engage in disruptive and disrespectful conduct in litigation; (4) attend a CLE in civility, in addition to normal CLE requirements; and (5) participate and receive counseling in the following matters acceptable to disciplinary counsel: conflict management, anger management, and diversity and gender training including implicit gender bias.

**{24}** The recommendation is ADOPTED and Respondent Albert Costales is hereby publicly censured.

**{25} IT IS SO ORDERED.**

**C. SHANNON BACON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**DAVID K. THOMSON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**