777 P.2d 381

**In the Matter of John Kenneth NEUN-DORF, An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 18507.**

Supreme Court of New Mexico.

Aug. 1, 1989.

Virginia L. Ferrara, Albuquerque, for Board.

Turner W. Branch, Albuquerque, for respondent.

OPINION

PER CURIAM.

This matter is before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316, wherein attorney John Kenneth Neundorf (Neundorf) was found to have committed serious violations of the Rules of Professional Conduct, SCRA 1986, 16–101 through 16–805. We adopt the Disciplinary Board's findings of fact, conclusions of law and recommendations that Neundorf be publicly censured pursuant to Rule 17–206(A)(4) and placed on probation for a period of one year pursuant to Rule 17–206(B)(1).

The facts of this case were largely undisputed. In December 1984 or January 1985, Margaret Armijo retained Neundorf to represent her in a personal injury claim against Eric Eckhardt and Farmers Insurance Company (Farmers) for injuries she received in a collision with Eckhardt on December 21, 1984. Neundorf notified the prospective defendants of Armijo's claim in January 1985 but did very little on the case thereafter.

The statute of limitations on Armijo's claim expired on December 21, 1987. In an attempt to preserve the claim, Neundorf prepared a complaint for filing on the 21st, alleging the injury occurred on December 23, 1984. He neglected to file the complaint until December 22, 1987, however, thereby extinguishing Armijo's claim. He sent a letter to the insurance adjuster postdated December 21, 1987, and enclosed an unconfirmed copy of the complaint, advising that it had been filed. When the adjuster requested a confirmed copy, Neundorf utilized a xerox machine to superimpose on the complaint a stamp from the clerk of the district court dated December 21, 1987, which he apparently took from another unrelated pleading. He also showed Armijo a copy of the altered complaint in an effort to assure her that it had been timely filed.

In May 1988, Neundorf made an offer of settlement in the amount of $30,000. Subsequently Neundorf urged Armijo to accept Farmer's counter-offer of $17,500 and offered to lower his fee by way of enticement. In October 1988, Armijo's concern led her to the district court to obtain a copy of the complaint. When she noted the filing date of December 22, 1987, she consulted another attorney. That attorney and counsel for Farmers notified the Disciplinary Board of Neundorf's conduct pursuant to their obligations under SCRA 1986, 16–803(A).

The hearing committee found that had the alteration not been discovered by Armijo and brought to the attention of another attorney, Neundorf would have continued his efforts to negotiate a settlement with Farmers. The committee also found that had these negotiations been successful, it is unlikely the alteration would have been discovered or Neundorf would have acknowledged any wrongdoing. The committee concluded Neundorf had committed violations of SCRA 1986, 16–102(D), 16–301, 16–303(A)(1), 16–401(A), 16–804(C), (D) and (H).

The hearing committee recommended Neundorf be suspended from the practice of law for a period of six months and placed on probationary status for an additional six months. After oral argument, however, a panel of the Disciplinary Board adopted all of the committee's findings and conclusions but instead recommended Neundorf be publicly censured and placed on conditional probation for a period of one year. The Board was evidently influenced to some extent by the fact that Neundorf has made a substantial effort to reimburse Armijo for her losses by agreeing to pay $35,000 to her over the next two years and by having already paid $14,500 toward that debt. The Board concluded, without elaboration, that Neundorf was sincerely remorseful and there was no danger his misconduct would be repeated.

When an attorney is found to have engaged in acts of intentional dishonesty, there is a presumption that he or she is unfit for membership in the bar of this state. *See In re Ayala,* 102 N.M. 214, 693 P.2d 580 (1984). The decision to discipline must rest solely upon the steps necessary to insure the future protection of the public, the reputation of the profession, and the orderly administration of justice. If we are satisfied that an attorney can continue to engage in practice without endangering the public, the public interest is best served by permitting the attorney to do so.

We agree with the Board that the misconduct present in this case is not likely to be repeated. The presumption of a lack of fitness has, in this instance, been overcome. Neundorf's misconduct was limited to one case. There is no evidence of any prior or subsequent acts of misconduct to indicate a pattern of wrongdoing. He admitted his misconduct as soon as he was contacted by disciplinary counsel and neither has attempted to blame his actions on someone else nor sought to minimize their reprehensible nature. He has arranged on his own to make significant restitution to his client and has begun to pay restitution. He expressed sincere remorse to the Disciplinary Board and to this Court and stood ready to accept the sanctions imposed. We are hopeful that our confidence in Neundorf's ability to conduct himself in accordance with acceptable standards of honesty

in the future has not been misplaced and stress that we will not hesitate to invoke the deferred period of suspension should our trust prove to have been unwarranted.

IT IS THEREFORE ORDERED that John Kenneth Neundorf be and hereby is publicly censured pursuant to SCRA 1986, 17–206(A)(4). This censure is intended to be communicated and should be viewed in the strongest manner possible.

IT IS FURTHER ORDERED that Neundorf be suspended from the practice of law for a minimum period of one (1) year pursuant to SCRA 1986, 17–206(A)(3) effective *August 1, 1989*. The imposition of this sanction is to be deferred, and Neundorf will be placed on probationary status on the following terms and conditions:

(1) He will perform 200 hours of *pro bono publico* legal service during this period and will forthwith prepare and file with the office of disciplinary counsel a plan for providing such services, including a provision that his performance be verified or certified by clients or public agencies for whom the services are performed;

(2) He will continue to make good faith efforts to comply with his settlement agreement with Margaret Armijo and will keep disciplinary counsel advised of his progress in this regard;

(3) He will commit no violations of the Rules of Professional Conduct; and

(4) He will take and receive a passing grade on the Multistate Professional Responsibility Examination.

The sanctions of deferred suspension from practice and probation shall lapse and become of no further effect upon an appropriate showing that Neundorf has fulfilled all of the above conditions, including payment in full to Armijo. Should Neundorf violate any of the conditions of his probation, he may be found in contempt by this Court pursuant to SCRA 1986, 17–206(G), and the period of suspension shall be imposed.

Costs in the amount of $491.09 are hereby assessed against Neundorf and must be paid to the Disciplinary Board no later than September 15, 1989.

IT IS SO ORDERED.