858 P.2d 63

**In the Matter of Mary F. SHEPARD, An attorney admitted to practice before the courts of the state of New Mexico.**

No. 21154.

Supreme Court of New Mexico.

Aug. 2, 1993.

Sally E. Scott, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Mary F. Shepard, Albuquerque.

OPINION

PER CURIAM.

This matter came before the Court for consideration of the Disciplinary Board's recommendation involving seven counts of neglect and failure to communicate. It was recommended that Mary F. Shepard be suspended indefinitely, with conditions precedent to consideration of any application for reinstatement. The Court has determined that the recommended discipline is appropriate.

In each of the seven counts, the complainant paid Shepard a fee to perform legal services, but she failed to complete the agreed upon services. She failed to

respond to her clients' repeated attempts to find out the status of their legal matters. Shepard also failed to refund the unearned portions of the fees she had been paid. After the complaints were filed, Shepard failed to submit a response to disciplinary counsel.

A specification of charges was filed on January 5, 1993, and mailed to Shepard by certified mail at her address of record. The signed return receipt showed the certified mailing was received on January 11, 1993. Shepard did not file an answer to the specification of charges and, pursuant to SCRA 1986, 17–310(C), the allegations contained therein were deemed admitted. The hearing committee convened on February 22, 1993, to receive evidence in mitigation and aggravation and determine its recommendation to the Disciplinary Board for the imposition of discipline. Notice of the hearing was sent to Shepard at her address of record, but she did not appear.

The hearing committee issued its findings of fact, conclusions of law, and recommendations on March 9, 1993. The committee found that Shepard had violated the following provisions of the Rules of Professional Conduct, SCRA 1986, 16–101 through 16–805 (Repl.Pamp.1991 & Cum. Supp.1992): Rule 16–101 by failing to provide competent representation; Rule 16–103 by failing to act with reasonable diligence and promptness in representing her clients; Rule 16–104(A) by failing to keep her clients reasonably informed about the status of their legal matters and by failing to promptly comply with clients' reasonable requests for information; Rule 16–116(D) by failing to protect her clients' interests at the conclusion of representation and by refusing to refund the unearned portion of the fees paid; Rule 16–803(D) by failing to cooperate with disciplinary counsel in the discharge of her functions and duties; Rule 16–804(D) by engaging in conduct prejudicial to the administration of justice; and Rule 16–804(H) by engaging in conduct that adversely reflected on her fitness to practice law.

The committee recommended that Shepard be indefinitely suspended from the practice of law, with certain conditions precedent to consideration of any application for reinstatement. Included was the condition that Shepard make restitution to four of the seven clients whose complaints formed the basis for the disciplinary charges. Shepard was personally served with a copy of the hearing committee's findings, conclusions, and recommendations on March 16, 1993.

Pursuant to SCRA 1986, 17–314(A), Shepard had seven days after receiving written notice of the committee's recommendations within which to request oral argument or permission to submit briefs to the Disciplinary Board panel appointed to hear the matter. Shepard did not request oral argument or permission to submit briefs nor did she respond in any fashion to the committee's recommendations. The Board issued its decision on March 29, 1993, adopting the findings and conclusions of the hearing committee. The Board concurred in the sanctions recommended by the hearing committee except that the Board recommended that Shepard also be ordered to make restitution to any other clients from whom she had taken money and failed to provide the services for which payment was received.

The matter of the appropriate discipline to be imposed came before this Court on May 12, 1993. Shepard was given notice of the hearing at a verified home address, after it was learned that her address of record, a post office box, was no longer valid. Also before the Court on that date was the motion of chief disciplinary counsel, filed pursuant to SCRA 1986, 17–213, for appointment of an attorney to inventory Shepard's client files, take all necessary actions to protect the interests of Shepard's clients, and return the files to her clients. This motion was served on Shepard at her home address. Shepard failed to appear at the hearing before this Court.

The evidence admitted by the hearing committee showed that, in addition to the seven complaints that formed the basis for the formal charges, a number of other complaints subsequently had been received. These complaints also alleged that Shepard

had taken money from clients and failed to perform the agreed legal services and that she had failed to respond to the clients' requests for information. Several of these clients also alleged that they needed their files to proceed with their legal matters with new counsel. Just as in the case of the original seven complaints, Shepard then obstructed the disciplinary process by completely failing to respond to the complaints. Thus, the evidence clearly showed not only a pattern of misconduct, but an apparent indifference on Shepard's part "to making restitution or otherwise correcting the chaos created by [her] neglect [.]" *In re Carrasco*, 106 N.M. 294, 296, 742 P.2d 506, 508 (1987). For this, there is no alternative other than indefinite suspension. *Id.*

Indefinite suspension, with conditions for reinstatement, as provided in SCRA 1986, 17–214(B)(2), is an appropriate discipline, which adequately will protect the public. When indefinite suspension is imposed pursuant to SCRA 1986, 17–214(B)(2), the attorney is not automatically reinstated. Shepard must satisfy all imposed conditions before any consideration of an application for reinstatement. The conditions recommended by the hearing committee and Disciplinary Board, which this Court hereby adopts, include that Shepard must demonstrate by clear and convincing evidence that she is fit to resume the practice of law and that the resumption of the practice of law will not be detrimental to the public interest. Considering the gravity of her breach of the trust given her by this Court and the public, demonstrating that she is fit to resume the practice of law and is no longer a threat to the public will be a heavy burden indeed. *See In re Stafford*, 106 N.M. 298, 299, 742 P.2d 510, 511 (1987).

The Court also finds it appropriate to appoint an attorney to inventory Shepard's files and take the other actions contemplated by SCRA 1986, 17–213. An attorney's abandonment of her clients not only causes direct harm to her clients and undermines public confidence in the legal profession but also hampers some clients in pursuing their legal rights by denying them access to their own documents and files. When this occurs, it is the obligation of this Court to appoint another licensed New Mexico attorney to inventory the miscreant's files, take such actions as are necessary to protect the interests of the clients, and return the files to the clients. In this case, Ms. Loretta Libby Atkins is appointed to discharge these responsibilities. In addition, Ms. Atkins is directed to perform an accounting for each of Shepard's clients who claims to have paid an unearned fee and to report the results to this Court. One of the conditions Shepard must satisfy before any consideration of an application for reinstatement will be to prove that she has refunded to her clients all unearned fees determined by Atkins and reported by Atkins to this Court.

IT IS THEREFORE ORDERED that, effective the 12th day of May, 1993, Mary F. Shepard be and she hereby is indefinitely suspended from the practice of law in the State of New Mexico, pursuant to the provisions of SCRA 1986, 17–206(A)(3).

IT IS FURTHER ORDERED that the following conditions shall be satisfied before any consideration of an application for reinstatement:

1.  Mary F. Shepard shall make restitution as follows:

    | | |
    |---|---|
    | Lon M. Bloch | $500.00 |
    | Molly Strosnider | 490.00 |
    | Flora Esquivel | 450.00 |
    | Diane Lue and Robert Lue | 475.00 |

2.  Mary F. Shepard shall make restitution to any other clients from whom she has taken money and failed to provide the services for which payment was received.

3.  Mary F. Shepard shall comply with the requirements set forth in SCRA 1986, 17–212, of the Rules Governing Discipline.

4.  Mary F. Shepard shall pay the costs of this proceeding in the amount of $115.28 on or before December 31, 1993, with interest accruing on any

balance unpaid as of that date, at the rate of fifteen (15) percent per annum.

IT IS FURTHER ORDERED that, prior to reinstatement, Mary F. Shepard shall demonstrate by clear and convincing evidence that she has the moral qualifications, is fit to resume the practice of law, and that the resumption of her practice will not be detrimental to the integrity and standing of the bar, the administration of justice, and the public interest.

IT IS SO ORDERED.