884 P.2d 481

**In the Matter of H. Daniel FANDEY, Esq., An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

No. 22186.

Supreme Court of New Mexico.

Nov. 7, 1994.

Virginia Ferrara, Albuquerque, for Disciplinary Bd.

Thomas R. Figart, Las Cruces, for respondent.

## OPINION

## PER CURIAM.

This matter came before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 to 17–316 (Repl. Pamp.1991 & Cum.Supp.1994). In accordance with an agreement not to contest and consent to discipline reached pursuant to Rule 17–211(A), H. Daniel Fandey does not contest the allegations that he committed various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 to 16–805 (Repl.Pamp.1991 & Cum.Supp.1994). Pursuant to Rule 17–211(B)(1)(a), we approve and adopt the Disciplinary Board's acceptance of Fandey's consent to discipline and impose a period of suspension.

On or about March 1, 1991, Robert Westphal retained Fandey to represent him in a bankruptcy matter. Westphal agreed to pay attorney's fees in the amount of $600.00 for preparation and filing of the bankruptcy and a $120.00 filing fee. Over a period of months, Fandey proceeded to draft the requested bankruptcy pleadings on several occasions, however, Fandey failed to file the bankruptcy petition on behalf of Westphal. At the time Fandey represented Westphal he failed to communicate adequately with the client and, despite repeated messages, Westphal was able to speak with Fandey on only a few occasions. Subsequently, on August 22, 1991, Westphal contacted Fandey's office and was informed that the office no longer handled bankruptcies and that his case had been transferred to another attorney in the Las Cruces area. At no time was the client advised of the transfer of his bankruptcy file from Fandey's office to another attorney and Westphal later recovered his papers and re-  · tained other counsel to proceed with the bankruptcy case.

The foregoing allegations were contained in the specification of charges and Fandey agreed not to contest the allegations that his conduct in regard to his representation of Westphal violated Rules 16–103, 16–104(A), 16–105(A), and 16–116(D).

On or about February 22, 1991, Jeff Schell retained Fandey to represent him in a DWI matter, which included the criminal charge and the administrative license revocation proceeding. Fandey was paid a fee of $1,000—$500 for each case—and he subsequently entered an appearance in both cases. Fandey timely notified the Motor Vehicle Division of his representation of Schell and requested a hearing on the revocation of the client's driver's license. On or about March 5, 1991, the Motor Vehicle Division mailed certain documents pertaining to the DWI revocation proceeding, including a notice of hearing set for March 18, 1991, at the Las Cruces office of the Motor Vehicle Division.

Despite the fact that the Motor Vehicle Division correspondence was sent to Fandey's business address of record, he failed to claim the correspondence relating to the scheduled administrative hearing on Schell's driving privilege. As a result of Fandey's failure to claim the notice, he did not appear at the scheduled hearing and Schell's driving privilege was revoked. On or about April 1, 1991, Fandey filed a notice of appeal requesting that the District Court of Dona Ana County reconsider the results of the administrative revocation hearing. Subsequently, on November 1, 1991, the district court dismissed the appeal for lack of prosecution.

The allegations arising from Fandey's representation of Schell were contained in the specification of charges. Fandey agreed not to contest allegations that his conduct in regard to his representation of Schell violated Rules 16–101, 16–102(A), 16–103, 16–104(A), 16–105(A), 16–804(D), and 16–804(H).

On or about August 2, 1991, John P. Morales retained Fandey to represent him in a personal injury case involving his son. Fandey subsequently filed a civil complaint in the Magistrate Court of Dona Ana County on behalf of Morales and his son. An answer to the civil complaint was filed on behalf of the defendants and a hearing was set for April 6, 1992, however, on the date of the hearing

Fandey failed to appear at the Dona Ana County Magistrate Court. Morales subsequently attempted to contact the respondent at his place of business, but learned the office had been closed and the telephone disconnected. Fandey failed to notify Morales of the office closing or the termination of his representation. Morales subsequently retained other counsel to represent him in the personal injury case.

As part of the agreement not to contest and consent to discipline, Fandey agreed not to contest allegations contained in the specification of charges that his conduct during his representation of Morales violated Rules 16–101, 16–102(A), 16–103, 16–104(A), 16–116(D), 16–804(D), and 16–804(H).

On or about November 26, 1991, LaGale S. Brown retained Fandey to represent her in a personal injury case. Fandey undertook the representation of Brown and suggested that she continue her medical treatment, which she did. In March 1992, Brown contacted Fandey's office regarding the status of her case but received no response to her call. Brown thereafter visited Fandey's office location and determined that the office was closed and that Fandey had left the Las Cruces vicinity. As a result of the office closing, Brown was unable to retrieve certain documents she had recently delivered to Fandey. Brown retained alternate counsel to recover the documentation and to represent her in the personal injury case.

The foregoing allegations were contained in the specification of charges, and Fandey agreed not to contest the allegations that his conduct in regard to his representation of Brown violated Rules 16–101, 16–102(A), 16–103, 16–104(A), 16–116(D), 16–804(D), and 16–804(H).

On or about May 29, 1992, a disciplinary complaint was received from Tom Krieger alleging that the respondent was retained by his wife, Wilma Krieger, to represent her in a divorce proceeding. Krieger's complaint alleged that Fandey was paid to represent Wilma Krieger in the divorce proceeding, however, Fandey failed to file the divorce petition and subsequently took no action regarding her representation. Krieger's complaint alleged that he had attempted to contact Fandey, however, Fandey's office telephone was disconnected and his law office closed. Krieger also attempted to correspond with Fandey by sending letters to his business address, however, no response was received.

On or about June 3, 1992, Fandey was notified of the Krieger disciplinary complaint and asked to respond in writing by June 17, 1992. Fandey did provide an initial response on the requested date. Subsequently, on June 22, 1992, Fandey was suspended from the practice of law in all courts of the state of New Mexico by virtue of his failure to pay annual bar dues. On or about July 2, 1992, by certified mail Fandey was asked to provide supplemental information to disciplinary counsel regarding the Krieger complaint. That same correspondence also asked Fandey, in light of his suspension, to advise disciplinary counsel as to what steps he had taken to provide substitute counsel for Wilma Krieger in her divorce case. The aforementioned supplemental information was to be provided by Fandey no later than July 13, 1992, however, no response was received from Fandey. On or about December 3, 1992, disciplinary counsel again requested that Fandey reply to the request for supplemental information, however, Fandey failed to provide any response.

The foregoing allegations arising from Fandey's representation of Wilma Krieger were contained in the specification of charges. Fandey agreed not to contest the allegations that his conduct in regard to his representation of Krieger violated Rules 16–101, 16–102(A), 16–103, 16–104(A), 16–116(D), 16–804(D), and 16–804(H). Additionally, Fandey agreed not to contest allegations that, by failing to cooperate with disciplinary counsel in the discharge of their duties, he violated Rule 16–803(D).

On or about January 15, 1992, the respondent was retained to represent Joseph P. and Eleanor H. Sandoval in a case involving a real estate transaction. The Sandovals paid Fandey approximately $600 for the representation. The Sandovals subsequently attempted to contact Fandey, however, Fandey did not return their calls. The Sandovals

later determined that Fandey's phone was disconnected and that his law office had been closed.

Fandey did enter an appearance on behalf of the Sandovals on January 21, 1992. On April 14, 1992, a notice of hearing was sent to Fandey at the address he provided to the court, however, Fandey failed to appear at a hearing set for June 2, 1992. At the hearing, the Sandovals appeared without representation and advised the court that they were abandoned by Fandey after paying for his services.

The Sandovals subsequently filed a disciplinary complaint as did the district judge presiding over the litigation. Fandey was notified by mail regarding the Sandoval complaint as well as the complaint filed by the judge, however, Fandey did not respond to either complaint. Subsequently on July 2, 1992, and again on December 3, 1992, Fandey was notified of the complaints by certified mail and asked to provide responses to both complaints. No response was received from Fandey.

As part of the agreement not to contest and consent to discipline, Fandey agreed not to contest the allegations contained in the specification of charges that his conduct during his representation of the Sandovals violated Rules 16–101, 16–102(A), 16–103, 16–104(A), 16–116(D), 16–804(D) and 16–804(H). Additionally, Fandey agreed not to contest allegations that, by failing to respond to the disciplinary complaints filed by the Sandovals and the district court judge, he violated Rule 16–803(D) by failing to cooperate with disciplinary counsel in the discharge of their duties.

Prior to being admitted to practice law in New Mexico, Fandey was admitted to practice law in California. On March 26, 1990, a disciplinary complaint was filed in New Mexico by Bruce W. Lee, one of Fandey's California clients. At approximately the same time, Lee also filed a similar disciplinary complaint against Fandey with the State Bar of California. Due to the fact that the conduct alleged in the Lee complaint occurred in California, the investigation of Lee's New Mexico disciplinary complaint was held in abeyance pending the outcome of the California disciplinary

proceeding. As part of Fandey's conditional agreement not to contest and consent to discipline, he acknowledged that he was the subject of a disciplinary matter in California styled *In the Matter of Henry Daniel Fandey,* Case No. SBC 90–0–11973–CEV, wherein he was found to have violated the Rules of Professional Conduct in his representation of Lee by aiding and abetting Lee's flight from California in order to avoid complying with a child support order.

At the same time that Fandey entered into the agreement not to contest and consent to discipline in New Mexico, his California disciplinary case was appealed to the State Bar of California. As part of the consent to discipline, Fandey agreed that he would be suspended from the practice of law for a minimum six-month period of time. Fandey also agreed that, upon receipt of the final decision in the California disciplinary action, he would consent to the imposition of a period of suspension in New Mexico equal to the same length of time as the suspension period imposed in California. Fandey subsequently appealed his California case to the California Supreme Court. In denying his petition for review, the California court ordered that Fandey be suspended from the practice of law for three years, that execution of suspension be stayed, and that he be placed on probation for three years subject to certain conditions of probation, including a one year actual suspension effective October 8, 1994.

Pursuant to the agreement not to contest and consent to discipline, Fandey, therefore, is suspended from the practice of law in New Mexico for a period of one year.

In accepting the disciplinary board recommendation regarding the disposition of this case, we note that Fandey has not previously been the subject of a formal disciplinary action. Fandey also expressed a sincere interest in working with the Disciplinary Board in an effort to prevent this type of conduct in the future. It appears that Fandey's conduct was primarily the result of what the hearing committee described as psychological or emotional difficulties in his personal life, not related to drugs or alcohol, which contributed

to his poor caseload management, lack of organization, and poor judgment.

It is felt that a one-year period of suspension followed by a like period of probation is appropriate, during which time Fandey will be supervised on a regular basis by a competent attorney. However, before Fandey is allowed to resume the practice of law, even on a supervised basis, he shall be required to be examined by an independent psychiatrist or psychologist who can attest to his ability to competently resume the practice of law.

IT IS THEREFORE ORDERED that the conditional agreement not to contest and consent to discipline hereby is approved, and pursuant to Rule 17–206(A)(2), H. Daniel Fandey hereby is suspended from the practice of law for one year effective June 15, 1994.

IT IS FURTHER ORDERED that following the one-year period of suspension in New Mexico and California, respondent will be placed on probation in New Mexico for one year.

IT IS FURTHER ORDERED that the one-year probationary period will begin at such time when Fandey has provided the Disciplinary Board with documentation sufficient to show that he has satisfied the following conditions:

1. Proof of satisfactory completion of the suspension ordered by the Supreme Court of New Mexico and the California Supreme Court.

2. Proof of satisfactory completion of any and all other disciplinary conditions imposed by the Supreme Court of California arising out of Case Number SBC 90–0–11973–CEV.

3. Adequate documentation showing that he has cured any and all deficiencies with the New Mexico Board of Bar Examiners, State Bar of New Mexico, and/or the Minimum Continuing Legal Education Board, which caused his license to practice law in New Mexico to be suspended on June 22, 1992, and must show that he is in compliance with all licensing requirements of the State Bar of New Mexico.

4. He shall voluntarily submit to and pay the cost of a psychiatric/psychological evaluation to be conducted by a psychiatrist of psychologist approved by the Disciplinary Board.

5. He shall provide the Disciplinary Board with the results of the evaluation including a statement by the evaluating psychiatrist or psychologist confirming that he is able to resume the practice of law in a competent manner and able to perform and complete his work as an attorney.

6. He shall refund to Robert and Penny Westphal the $120.00 they paid to respondent as filing fee.

7. In order to resolve the disputes over his fee arrangements that have been raised by his former clients, he shall participate in the voluntary fee arbitration service that is offered by the State Bar Association if initiated by any of the following former clients: Robert and Penny Westphal, Jeff Schell, Wilma Krieger, and Joseph P. and Eleanor H. Sandoval. Should any of these clients refuse to participate in arbitration, Fandey shall be deemed for purposes of this action to have earned the fee(s) charged to those clients.

IT IS FURTHER ORDERED that once the aforementioned conditions have been met, Fandey will be placed on probation for a one-year period with the following conditions:

1. During the period of probation he shall be supervised by a licensed New Mexico attorney approved by the Disciplinary Board;

2. He shall meet with the probationary supervisor at times and places directed by the probationary supervisor and accept instruction regarding appropriate recordkeeping and law office management procedures;

3. He shall meet with the probationary supervisor at times and places directed by the probationary supervisor and periodically perform an inventory of his caseload and its status and, if directed by the probationary supervisor, he shall reduce his caseload to a manageable level and thereafter restrict his caseload to a manageable

level as determined by the probationary supervisor;

4. He shall accept instruction from his supervisor regarding the development of a system for prompt communication with clients and opposing counsel and demonstrate his understanding of these matters to the satisfaction of his supervisor;

5. He shall confer with his supervisor at least one time each month about the volume of his caseload and shall abide by the supervisor's determination of whether he may accept new cases and, if so, the number of new cases he may accept, which determination shall be based upon his showing that he has sufficient time to handle that number of new cases with reasonable diligence, including but not limited to having sufficient time to promptly communicate with clients and opposing counsel concerning the matter;

6. He shall follow all reasonable directions of his probation supervisor in a prompt and satisfactory manner;

7. He shall observe all Rules of Professional Conduct and Rules Governing Discipline during his probationary period and otherwise give his full and prompt cooperation to disciplinary authorities pursuant to Rule 16–803(D);

8. During the probationary period, he shall continue and complete any and all treatment and/or therapy recommended by the psychiatrist or psychologist who performs the evaluation before resuming his practice of law;

9. The probationary supervisor shall obtain prior relevant records and reports from the treating psychiatrist or psychologist during the twelve-month period of probation, and the probationary supervisor shall ensure compliance with the treatment and counseling procedures recommended by the psychiatrist or psychologist before Fandey can resume his practice of law;

10. He shall promptly and timely respond to any and all complaints filed with the Disciplinary Board, along with any requests from disciplinary counsel for additional information relating to such complaints;

11. He agrees and understands that any failure to comply with any of the terms and conditions of the agreement not to contest and consent to discipline or any order of the Disciplinary Board or the Supreme Court imposing discipline shall be brought to the attention of the Supreme Court by way of a verified motion for order to show cause and he shall be subject to the contempt powers of the Supreme Court as provided by Rule 17–206(G);

12. Following the completion of the one-year probationary period, he agrees and understands that he shall provide adequate documentation of his successful completion of his probation and full compliance with the provisions of Rule 17–214(H) in order to be terminated from probationary status;

13. Fandey shall pay the costs of disciplinary proceedings and any costs incurred by the probationary supervisor on or before June 17, 1996, and any unpaid balance as of that date shall be subject to an annual interest rate of fifteen percent (15%).

IT IS FURTHER ORDERED that this opinion be published in *New Mexico Reports* and *Bar Bulletin.*

**IT IS SO ORDERED.**