1997-NMSC-033

943 P.2d 1029

**In the Matter of Gerard F. CANEVARO, an Attorney Licensed to Practice Law Before the Courts of the State of New Mexico.**

**No. 24435.**

Supreme Court of New Mexico.

Aug. 7, 1997.

Sally Scott–Mullins, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Board.

Gerard F. Canevaro, Santa Fe, no appearance.

## OPINION

### PER CURIAM.

(1) This matter came before the Court on the recommendation of the disciplinary board that Gerard F. Canevaro be indefinitely suspended from the practice of law. This recommendation was made in the course of disciplinary proceedings conducted pursuant to the Rules Governing Discipline, 17–101 to 17–316 NMRA 1997. The Court finds that indefinite suspension is the appropriate discipline in this case.

(2) On October 3, 1996, the office of disciplinary counsel received a complaint against respondent from Angie Martinez. Martinez alleged that after respondent undertook to represent her in a workers' compensation case, he moved without any notice to her and without providing any information concerning how he could be reached. Martinez further alleged that after she learned that respondent's telephone had been disconnected, she went to his home office and found that he had moved. Respondent still has Martinez' file and medical records, which she needs to pursue her workers' compensation claim.

(3) On October 4, 1996, the complaint filed by Martinez was sent to respondent at his address of record, along with correspondence requesting that he provide a response on or before October 18, 1996. When no response was received a second letter was sent by disciplinary counsel on November 13, 1996, advising him that Rule 17–307 requires all doubts concerning a complaint be resolved in favor of conducting a formal hearing and that to avoid having formal disciplinary charges filed against him, he must file a response to Martinez' complaint on or before November 20, 1996. No response to the complaint was received, nor were any letters sent to him from the office of disciplinary counsel returned by postal authorities.

(4) Formal charges were filed on December 17, 1996. Copies of the specification of charges and notice and designation of hearing committee were served on respondent by certified mail at his address of record. Respondent failed to file an answer to the charges and, pursuant to Rule 17–310(C), the allegations of the charges were deemed admitted. Notice of the hearing on sanctions was served on respondent at his address of record; respondent did not appear nor did he participate at any stage of the disciplinary process.

(5) Respondent's conduct violated multiple provisions of the Rules of Professional Conduct: Rule 16–103, by failing to act with reasonable diligence and promptness in representing a client; Rule 16–104, by failing to keep his client reasonably informed; Rule 16–116(D), by failing to protect the client's interests upon the termination of the representation; Rule 16–803(D), by failing to cooperate with disciplinary counsel; Rule 16–804(D), by engaging in conduct prejudicial to the administration of justice; and Rule 16–804(H), by engaging in conduct that reflects adversely on his fitness to practice law.

(6) It is axiomatic that the purpose of discipline is to protect the public, not punish attorneys. *In re Ordaz,* 121 N.M. 779, 781, 918 P.2d 365, 367 (1996). If an attorney not only abandons his or her clients, but also fails to discharge the affirmative obligation to cooperate with the disciplinary process, the sanction required to insure the protection of the public is almost certain to be suspension. *In re Fandey,* 118 N.M. 590, 884 P.2d 481 (1994); *In re Shepard,* 115 N.M. 687, 858 P.2d 63 (1993).

(7) Although both Fandey and Shepard were suspended, Fandey's suspension was for a time certain of one year, while Shepard was suspended indefinitely and would be required to apply for reinstatement to demonstrate fitness to return to the practice of law. One significant difference between the two cases is that ultimately, albeit belatedly, Fandey did begin to participate in the disciplinary process. Shepard, on the other hand, never responded to the complaints or the formal charges and failed to appear at any stage of the proceeding. Like Shepard, Canevaro's default in the disciplinary process was complete.

(8) Pursuant to Rules 17–206(A)(2) and 17–214(B)(1), suspension for a time certain

results in automatic reinstatement unless disciplinary counsel objects prior to the conclusion of the period of suspension. By contrast, Rules 17–206(A)(3) and 17–214(B)(2) provide that a lawyer who has been indefinitely suspended must apply for reinstatement. The granting of an application for reinstatement, however, does not reinstate the lawyer but serves only as the mechanism by which the matter is referred to the disciplinary board. Pursuant to Rule 17–214(E), the board conducts a hearing, at which the suspended lawyer bears the burden of demonstrating by clear and convincing evidence:

> that the respondent-attorney has the moral qualifications; that the respondent-attorney is once again fit to resume the practice of law and that the resumption of the respondent-attorney's practice of law will not be detrimental to the integrity and standing of the bar, the administration of justice or the public interest.

A lawyer who completely abdicates the ethical responsibilities owed to the Court and clients must satisfy this burden in order to insure that the public will not be placed at additional risk. Anything less would abdicate this Court's responsibility to protect the public from harm suffered at the hands of lawyers licensed in this state.

(9) It should also be noted that in the case at bar pertinent records reflect that respondent is also a member of the bar in the State of California. While that jurisdiction will make its own decision concerning what, if any, reciprocal discipline to impose, attorneys licensed in New Mexico should be forewarned that the results of formal disciplinary proceedings in this state are reported to other licensing jurisdictions. If a lawyer abandons the practice of law and fails to cooperate in a disciplinary proceeding, he or she should expect not only to lose the privilege to practice law in this state, but also to incur adverse repercussions on any other law license held.

(10) Both the disciplinary board and the hearing committee recommended that respondent be indefinitely suspended and ordered to pay the costs of this proceeding. In addition, the hearing committee recommended that prior to respondent being permitted to apply for reinstatement, he should be required to explain to this Court and to the disciplinary board the reasons for his indifference to the disciplinary proceeding and his client, and that he take and pass the Multistate Professional Responsibility Examination. Although the disciplinary board declined to recommend these additional conditions, we believe they are warranted and order respondent to satisfy them before filing an application for reinstatement.

(11) NOW, THEREFORE, IT IS ORDERED that the recommendation hereby is adopted and Gerard R. Canevaro hereby is indefinitely SUSPENDED from the practice of law;

(12) IT IS FURTHER ORDERED that respondent shall pay all costs of this disciplinary proceeding in the amount of $161.39 on or before **August 1, 1997,** and any balance remaining thereafter shall bear the statutory rate of interest of 8.75% per annum;

(13) IT IS FURTHER ORDERED that respondent must satisfy the following conditions before the filing of any application for reinstatement:

(1) Respondent shall appear before this Court and explain the reasons for his indifferent conduct toward these disciplinary proceedings and toward his client in the underlying charges; and

(2) Respondent shall take and pass the Multistate Professional Responsibility Examination.

(14) IT IS FURTHER ORDERED that the disposition of this matter shall have the full force and effect of a judgment.

(15) IT IS SO ORDERED.

/s/ Gene E. Franchini
Chief Justice Gene E. Franchini

/s/ Joseph F. Baca
Justice Joseph F. Baca

/s/ Pamela B. Minzner
Justice Pamela B. Minzner

/s/ Patricio M. Serna
Justice Patricio M. Serna

(24)  /s/ Daniel A. McKinnon, III
(25)  Justice Daniel A. McKinnon, III