2001-NMSC-008

22 P.3d 215

**In the Matter of Annabelle M. ROMERO, Esquire, An Attorney Suspended from the Practice of Law Before the Courts of the State of New Mexico.**

No. 26,772.

Supreme Court of New Mexico.

March 15, 2001.

Arne R. Leonard, Deputy Disciplinary Counsel, Albuquerque, NM, for Disciplinary Board.

Annabelle M. Romero, Santa Fe, NM, for Respondent.

## OPINION

PER CURIAM.

{1} This matter came before the Court upon the recommendation of the disciplinary board to accept a conditional agreement not to contest and consent to discipline tendered by respondent, Annabelle M. Romero, pursuant to Rule 17–211 NMRA 2001 of the Rules Governing Discipline. Under that agreement, respondent declared her intention not to contest allegations that she violated Rules 16–101, 16–103, 16–104, 16–116(D), 16–302, 16–801(B), 16–803(D), 16–804(C), 16–804(D), and 16–804(H) NMRA 2001 of the Rules of Professional Conduct. We adopt the disciplinary board's recommendation and impose the indefinite suspension and conditions of reinstatement provided for in the agreement.

{2} The charges of professional misconduct arose from respondent's abandonment of six clients and her failure to respond to three complaints filed with the disciplinary board. The charges were deemed admitted pursuant to Rules 17–309(C)(2) and 17–310(C) NMRA 2001. A hearing committee of the disciplinary board convened a hearing at which the sole issue to be determined was the nature of the committee's recommendation of discipline after consideration of any facts in aggravation or mitigation. Respondent appeared at the hearing and indicated that she did not wish to contest the charges and that she would consent to discipline pursuant to Rule 17–211.

{3} According to the uncontested facts alleged in the specification of charges, respondent was retained to represent six different clients regarding their respective personal injury claims between 1994 and 1998. In her representation of three of those clients, respondent filed civil actions that were subsequently dismissed for failure to prosecute or respond to discovery requests. In her representation of the other three clients, there is no record of any civil action being filed.

{4} In each of these cases, respondent stopped communicating with her clients and failed to respond to requests for information. Despite repeated requests, respondent also failed to return her clients' files. In some cases, respondent misrepresented to her clients or to their health care providers that their cases remained pending when, in fact, they already had been dismissed by the courts or never were filed within the period allowed under the statute of limitations.

{5} Respondent's misconduct in these matters was brought to the attention of the disciplinary board in complaints filed by one of the clients, the daughter of one of the clients, and an attorney representing a doctor who provided health care to two of the other clients. The investigation of these complaints revealed similar misconduct in respondent's representation of two of the other clients.

{6} Respondent acknowledged receipt of two of the complaints and requested a brief extension of time in which to respond to them, which was granted by the office of disciplinary counsel. Nevertheless, respondent failed to provide any substantive response to any of the complaints filed against her. After receiving no response to its inquiries, the office of disciplinary counsel served respondent with the specification of charges by mailing a copy to her address of record in accordance with Rule 17–309(D). The office of disciplinary counsel also confirmed respondent's mailing address in a telephone conversation with her and sent a second copy of the specification of charges to her in response to

that conversation. Nevertheless, respondent failed to answer the charges. Accordingly, the office of disciplinary counsel filed a motion to deem the charges admitted, which was granted by the hearing committee after respondent failed to respond to the motion. Not until the date of the hearing on the hearing committee's recommendation of discipline did respondent appear and indicate that she did not wish to contest the charges and would consent to discipline.

{7} Respondent's abandonment of her clients violated numerous provisions of the Rules of Professional Conduct. Rule 16–101 requires a lawyer to provide competent representation to a client. Rule 16–103 requires a lawyer to act with reasonable diligence and promptness in representing a client. Rule 16–104 requires a lawyer to keep a client reasonably informed about the status of a matter, to promptly comply with reasonable requests for information, and to explain a matter to the extent reasonably necessary to permit the client to make an informed decision regarding the representation. Rule 16–116(D) requires a lawyer to take steps to the extent reasonably practicable to protect a client's interests upon termination of representation. Rule 16–302 requires a lawyer to make reasonable efforts to expedite litigation consistent with the interests of the client.

■ {8} The common element in all of these rules is that lawyers are required to act reasonably. The terminology section of the Rules of Professional Conduct defines "reasonable" or "reasonably" when used in reference to a lawyer as "the conduct of a reasonably prudent and competent lawyer." Accordingly, these rules establish an objective standard of conduct that is violated when relevant aspects of a lawyer's behavior are negligent or unreasonable. *See In re Houston*, 1999–NMSC–032, ¶ 12, 127 N.M. 582, 985 P.2d 752. While an isolated instance of a failure to communicate, act diligently, or provide competent representation may not necessarily warrant the filing of formal charges of professional misconduct, a pattern of such behavior that is negligent or unreasonable "will not only constitute misconduct but will also result in the imposition of discipline." *In re Reif*, 1996–NMSC–026, 121 N.M. 758,

762, 918 P.2d 344, 348. Respondent's abandonment of no less than six of her clients makes this proceeding one of the "extreme cases" in which a lawyer's pattern of neglect warrants the imposition of an indefinite period of suspension. *See id.*

■ {9} Suspension from the practice of law is an appropriate sanction when injury or potential injury results from a lawyer's knowing failure to perform services for a client or from a pattern of neglect. *See ABA Standards for Imposing Lawyer Sanctions* § 4.42 (1992). We have applied this standard in other cases where a lawyer abandoned his or her clients and failed to cooperate with disciplinary authorities. *See, e.g., In re Carlton*, 2000–NMSC–001, ¶ 9, 128 N.M. 419, 993 P.2d 736; *In re Lally*, 1999–NMSC–003, ¶ 11, 126 N.M. 566, 973 P.2d 243; *In re Canevaro*, 1997–NMSC–033, ¶ 6, 123 N.M. 576, 943 P.2d 1029; *In re Shepard*, 115 N.M. 687, 689, 858 P.2d 63, 65 (1993). We conclude that such a sanction is appropriate in this case as well.

■ {10} In addition to respondent's pattern of neglect, the uncontested facts indicate that she engaged in acts of dishonesty, fraud, deceit, or misrepresentation in violation of Rule 16–804(C), by giving a false account of the status of cases to some of her clients and their health care providers. "Dishonest conduct by lawyers will not be tolerated." *In re Hyde*, 1997–NMSC–064, ¶ 19, 124 N.M. 363, 950 P.2d 806. "When an attorney is found to have engaged in acts of intentional dishonesty, there is a presumption that he or she is unfit for membership in the bar of this state." *In re Neundorf*, 108 N.M. 653, 654, 777 P.2d 381, 382 (1989). Respondent offered no evidence to rebut this presumption. Thus, we conclude that suspension from the practice of law also is an appropriate sanction for respondent's knowing deception of her clients under circumstances that caused injury or potential injury to those clients. *See ABA Standards for Imposing Lawyer Sanctions* § 4.62 (1992).

{11} Compounding the misconduct arising from respondent's representation of her clients is the misconduct arising from her failure to respond to inquiries from the office of disciplinary counsel regarding the com-

plaints filed with the disciplinary board. Rule 16–801(B) requires, in relevant part, that a lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority. Moreover, Rule 16–803(D) affirmatively requires a lawyer to give full cooperation and assistance to the highest court of the state and to the disciplinary board, hearing committees, and disciplinary counsel in discharging their respective functions and duties with respect to discipline and disciplinary procedures.

{12} A respondent-attorney cannot avoid the institution of formal disciplinary proceedings under Rule 17–309(A) by failing to respond in a substantive manner to inquiries from the office of disciplinary counsel. The absence of such a response raises doubts that "shall be resolved in favor of conducting a formal hearing" under Rule 17–307(B) NMRA 2001. Further, the respondent-attorney's failure to respond is itself evidence of a failure to comply with Rules 16–801(B) and 16–803(D). A violation of these rules may warrant the imposition of discipline regardless of whether there is a finding of misconduct with respect to the underlying matter that caused the office of disciplinary counsel to make its inquiries.

{13} In this case, the uncontested facts regarding respondent's failure to respond to inquiries from the office of disciplinary counsel that were mailed to her address of record provide sufficient evidence that she violated Rules 16–801(B) and 16–803(D). Her violation of these rules provides an independent basis for imposing discipline.

{14} Respondent's pattern of neglect, her dishonesty, and her failure to respond to numerous inquiries from disciplinary authorities also provide sufficient grounds for concluding that she violated Rules 16–804(D) and 16–804(H). These rules state that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice or conduct that adversely reflects on her fitness to practice law.

{15} The nature and extent of respondent's misconduct warrants the imposition of an indefinite period of suspension with strict conditions of reinstatement under Rule 17–206(A)(3) NMRA 2001. In order to fulfill the purposes of the Rules Governing Discipline, which are to protect the public, the profession, and the administration of justice, the burden must fall on respondent to prove by clear and convincing evidence that she has satisfied all the procedures and criteria set forth in Rule 17–214 NMRA 2001, in addition to the conditions of the order of discipline entered by this Court, before her license to practice law can be reinstated. *See In re Lally,* 1999–NMSC–003, ¶ 15, 126 N.M. 566, 973 P.2d 243; *In re Canevaro,* 1997–NMSC–033, ¶ 8, 123 N.M. 576, 943 P.2d 1029.

{16} Respondent's abandonment of her clients and failure to provide any substantive response to the complaints filed against her also warrants the appointment of an inventorying attorney under Rule 17–213 NMRA 2001. *See In re Shepard,* 115 N.M. at 689, 858 P.2d at 65. We emphasize that the inventorying attorney is a disciplinary authority with whom respondent is required to give her full cooperation and assistance. Demonstration of such cooperation and assistance is a prerequisite to any application for reinstatement. *See id.*

{17} Now, therefore, it is ordered that the recommendation of the disciplinary board is adopted and the conditional agreement not to contest and consent to discipline hereby is approved and Annabelle M. Romero is indefinitely suspended from the practice of law pursuant to Rule 17–206(A)(3) for a minimum period of at least one year.

{18} Respondent shall not be reinstated automatically, but shall apply for reinstatement to probationary status under the procedures set forth in Rule 17–214(B)(2),(D),(E), and (G) NMRA 2001.

{19} Respondent shall satisfy the following terms and conditions prior to the filing of any application for reinstatement:

(1) Respondent shall observe all Rules of Professional Conduct and Rules Governing Discipline, including the requirements for suspended attorneys in Rule 17–212 NMRA 2001;

(2) Respondent shall promptly and timely respond to any and all complaints filed

with the disciplinary board and shall promptly and timely respond to any and all requests from disciplinary counsel for additional information relating to such complaints;

(3) Respondent shall provide the office of disciplinary counsel with a written, substantive response to all disciplinary complaints filed against her and all requests for information from the office of disciplinary counsel to which she has not provided a response as of February 1, 2001;

(4) Respondent shall keep this Court, the State Bar of New Mexico, and the disciplinary board apprised of her current office address and telephone number and shall promptly notify the clerk of this Court, the State Bar of New Mexico, and the disciplinary board of any changes in her office address and telephone number;

(5) Respondent shall pay any costs of the inventorying attorney that are assessed pursuant to Rule 17–213; and

(6) Respondent shall make an effort to obtain or maintain legal malpractice insurance and provide a certificate of insurance to disciplinary counsel, and if she is unable to obtain or maintain legal malpractice insurance, respondent shall report her efforts and the reasons for her inability to obtain or maintain said insurance to disciplinary counsel in writing.

{20} Should respondent's application for reinstatement be granted, she shall be placed on supervised probation for at least two years pursuant to Rule 17–206(B), during which time her law practice shall be supervised by a supervising attorney approved by the office of disciplinary counsel.

{21} During any period of supervised probation, respondent shall meet with the supervising attorney at least once per month or as often as the supervising attorney shall direct. Respondent shall pay the supervising attorney for his or her services at an hourly rate to be determined by an agreement between respondent and her supervising attorney.

{22} Upon completion of any period of supervised probation, respondent shall be reinstated to non-probationary status pursuant to Rule 17–214(H) only upon demonstrating that she has followed all reasonable directions of her supervising attorney in a prompt and satisfactory manner and is in compliance with her obligations under the Rules of Professional Conduct and the Rules Governing Discipline.

{23} Should respondent violate any of the aforementioned terms and conditions of probation, or if disciplinary counsel receives additional complaints that give rise to the filing of formal charges of professional misconduct against her, the office of disciplinary counsel shall bring any violation to the attention of this Court pursuant to Rule 17–206(G), and, if found in contempt of this Court, respondent shall be held in contempt pursuant to Rule 17–206(G) and may be fined, censured, suspended, disbarred, have her period of probation extended or revoked, and/or be subject to any other sanction ordered by this Court.

{24} Patrick A. Casey, Esq. is appointed as the inventorying attorney to inventory respondent's files and take such action as seems indicated to protect her and her clients' interests pursuant to Rule 17–213(A). Respondent shall give her full cooperation to the inventorying attorney and all reasonable costs incurred by the inventorying attorney shall be assessed against respondent pursuant to Rule 17–213. Respondent shall pay the costs of the inventorying attorney within ninety days of the assessment of such costs, with interest accruing at the rate of fifteen percent per annum on any unpaid balance after that date, and said costs shall be reduced to a transcript of judgment.

{25} Respondent shall pay the costs of this disciplinary proceeding in the amount of $293.10 on or before May 1, 2001, with interest to accrue at the rate of fifteen percent per annum on any unpaid balance as of May 1, 2001. Said costs shall be reduced to a transcript of judgment and payment of costs shall be deemed a condition of any application for reinstatement.

{26} **IT IS SO ORDERED.**