IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2013-NMSC-035

Filing Date: June 27, 2013

Docket No. 33,843

IN THE MATTER OF
MARIA E. OWEN, ESQUIRE

An Attorney Suspended
from the Practice of Law
in the State of New Mexico

<u>and</u>

Docket No. 33,844

IN THE MATTER OF
ALAIN JACKSON, ESQUIRE

An Attorney Licensed to Practice
Before the Courts of the State of New Mexico

William D. Slease, Assistant Disciplinary Counsel
Jane Gagne, Assistant Disciplinary Counsel
Albuquerque, NM

for Disciplinary Board

Maria E. Owen
Albuquerque, NM

Respondent Pro Se

Alain Jackson
Albuquerque, NM

Respondent Pro Se

## OPINION AND PUBLIC CENSURE

**BOSSON, Justice**

**{1}** This matter comes before this Court following disciplinary proceedings conducted under the Rules Governing Discipline, Rules 17-201 to -214 and 17-301 to -316 NMRA, in which the Disciplinary Board (Board) found that attorneys Maria E. Owen and Alain Jackson (Respondents) violated multiple Rules of Professional Conduct. The disciplinary proceedings arose from a business lease dispute in which Owen transferred representation of clients to Jackson.

**{2}** On August 6, 2012, a hearing committee of the Disciplinary Board entered findings of fact, conclusions of law, and recommendations for discipline, which were approved by the Board on September 20, 2012. Following oral argument we issued an order on November 15, 2012, adopting the recommendations of the Disciplinary Board with several modifications. We suspended both Respondents for eighteen months to be deferred with certain terms and conditions, including supervision by a licensed attorney and payment of restitution to Complainants. We also ordered Respondents to take and pass the Multistate Professional Responsibility Examination (MPRE). Finally, we ordered that Respondents receive a public censure for their misconduct. This Opinion serves as Respondents' public censure and shall be published in the *State Bar of New Mexico Bar Bulletin* and *New Mexico Appellate Reports*.

## BACKGROUND

**{3}** The following factual background is taken from the Disciplinary Board's findings of fact and conclusions of law. At various points in time, Respondents each represented Ruth Porta and Karen Diaz (Complainants), who owned a daycare business. Owen represented Complainants in a landlord-tenant lease dispute regarding the premises of the daycare as well as two other matters. On May 17, 2010, Owen transferred her representation of Complainants daycare lease dispute to Jackson. All parties agreed and consented to the transfer. Shortly thereafter, on May 25, 2010, Jackson filed a lawsuit on behalf of Complainants against defendants MyBank, the mortgage holder, and Nikolaus and Indra Filip, the property owners.

**{4}** As a result of personal issues, family illness, and his father's death, Jackson failed to properly attend to the lawsuit after filing it. On July 6, 2010, MyBank filed a motion to dismiss Complainants' lawsuit. Jackson failed to file a response to the motion or to inform his clients of the motion. Due to his inattentiveness, in late July or early August of 2010, Complainants fired Jackson and rehired Owen. Owen agreed to take over Complainants' lawsuit and notified Jackson that she intended to do so. Also at this time, Owen obtained Complainants' file from Jackson's office.

**{5}** Although Complainants had terminated Jackson as their attorney, Jackson failed to withdraw as counsel of record in the lawsuit, or notify the court or opposing counsel of this development. To make matters worse, Owen failed to file an entry of appearance or substitution of counsel in the lawsuit. Due to Jackson's failure to properly withdraw as

counsel of record and Owen's failure to properly enter her appearance and notify the court that she was now counsel of record, Jackson continued to receive all notices, correspondence, and pleadings regarding the lawsuit. Both Jackson and Owen were aware of this.

**{6}** Jackson delivered the notices, correspondence, and mail regarding the lawsuit to Owen or Owen's husband, who Owen employed at her law firm. Conveniently, both Owen's and Jackson's offices were located in the same building.

**{7}** John Campbell, an attorney for the individual defendants, the Filips, entered an appearance and attempted to contact Jackson regarding the lawsuit. Jackson eventually left Mr. Campbell a voice mail informing him that he no longer represented Complainants and that Owen had taken over the case.

**{8}** Complainants experienced many problems with Owen's representation. Owen took "no action whatsoever on behalf of Complainants in the lawsuit." Additionally, Owen "failed or refused to respond to Complainants' inquiries and at other times gave assurances to the effect that nothing was happening in the lawsuit." Despite these assurances, on November 1, 2010, the Filips filed an answer, a counterclaim, and a motion to dismiss the lawsuit. Campbell also informed both Owen and Jackson that he sought to remove Complainants' daycare center from the Filip's property and was preparing a motion for summary judgment to this effect.

**{9}** Campbell filed the motion for summary judgment and writ of execution on behalf of the Filips seeking to evict Complainants' daycare business from his clients' property on December 13, 2010. Jackson and Owen failed to respond either to MyBank's motion to dismiss or to the individual defendants' motion to dismiss, counterclaim, motion for summary judgment, and writ of execution.

**{10}** On December 20, 2010, the court granted MyBank's motion to dismiss, recognizing that neither Complainants nor counsel had appeared. Less than three months later, on March 7, 2011, "the Court substantially granted the Filips' Motion for Summary Judgment and issued a Writ of Execution in Forcible Entry or Detainer." That very same day, Campbell emailed Jackson copies of the court orders.

**{11}** Jackson and Owen failed to attend court hearings and also failed to inform Complainants about the dismissal order, the summary judgment, or the writ of execution. It was only after the court had granted MyBank's motion to dismiss and the Filip's motion for summary judgment and writ of execution that Owen belatedly notified the clients. Realizing that the court had granted an eviction order, Owen called Complainant Diaz on March 10, 2011, and informed her that their daycare business was being evicted as of April 1, 2011.

**{12}** Upon learning this, Complainant Diaz asked for her file from Owen, which Owen's

husband delivered the next day. Following these events, Complainants obtained new legal counsel who persuaded the court to set aside the summary judgment and writ of execution. This cost Complainants $6,400 in legal fees.

## DISCUSSION

**{13}** Both Respondents violated Rule 16-101 NMRA (requiring a lawyer to "provide competent representation to a client"). Owen violated Rule 16-103 NMRA (requiring diligent and prompt representation of client), Rule 16-104(A)(2) and (3) NMRA (requiring consultation with client regarding objectives and requiring attorney "to keep the client reasonably informed about the status of the matter"), and Rule 16-302 NMRA (requiring lawyer to make "reasonable efforts to expedite litigation"). Jackson violated Rule 16-116(D) NMRA (requiring a lawyer to take steps to the extent reasonably practicable to protect the client's interests when terminating representation).

### Violations by Both Respondents

**{14}** Respondents did not act competently in handling Complainants' lease dispute. *See* Rule 16-101 ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."). Attorney inaction constitutes lack of competence. *See In re Gallegos*, 104 N.M. 496, 498-99, 723 P.2d 967, 969-70 (1986) (disbarring attorney for, among other things, inaction in a divorce case).

**{15}** Jackson's inactions included failing to respond to MyBank's motion to dismiss and then, after transferring the case back to Owen, failing to file a notice of withdrawal and substitution of counsel. Owen also failed to competently represent Complainants. Once she re-acquired representation of Complainants, Owen failed to file an entry of appearance or substitution of counsel, leaving Jackson as the only attorney of record. *See In re Trujillo*, 110 N.M. 180, 181, 793 P.2d 862, 863 (1990) (suspending attorney who, among other things, failed to file an answer or enter an appearance in client's divorce case). After again accepting representation of Complainants' case from Jackson, Owen took no further action on the case. Essentially, both attorneys abandoned their clients. *See In re Shepard*, 115 N.M. 687-89, 858 P.2d 63, 63-65 (1993) (concluding that attorney had abandoned her clients when she accepted representation but failed to complete agreed upon services). "An attorney's abandonment of her clients . . . causes direct harm to her clients and undermines public confidence in the legal profession." *Id.* at 689, 858 P.2d at 65.

**{16}** The failure by both Respondents to file the appropriate entry, withdrawal, or substitution of counsel motions reveals a basic lack of competency and diligence. *See In re Chavez,* 2013-NMSC-008, ¶ 11, 299 P.3d 403 (concluding that attorney's failure to meet a court deadline "fell below the standards of competence and diligence required of attorneys"). A simple follow-up by either Jackson or Owen would have set the record straight as to who legally bore responsibility for continued representation of Complainants. Respondents'

inaction and lack of thoroughness caused Complainants to suffer adverse consequences and incur additional attorney fees.

**Violations by Owen**

**{17}** Respondent Owen committed numerous violations of the Rules of Professional Conduct. First, Owen was not diligent in representing Complainants. According to Rule 16-103, "A lawyer shall act with reasonable diligence and promptness in representing a client." Owen took no action on Complainants' case, utterly failing to act with any kind of "reasonable diligence" or "promptness" in representing Complainants. Essentially, Owen did nothing until she notified Complainants that they were being evicted from their property. By doing nothing, she failed to act with diligence on behalf of her clients. *See* Rule 16-103 cmt. 1 ("A lawyer must . . . act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf."); Rule 16-302 ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.").

**{18}** Owen also failed to adequately communicate with Complainants. Pursuant to Rule 16-104(A)(2), "A lawyer shall . . . reasonably consult with the client about the means by which the client's objectives are to be accomplished." In addition, "A lawyer shall . . . keep the client reasonably informed about the status of the matter." Rule 16-104(A)(3). "A lawyer's regular communication with clients will minimize the occasions on which a client will need to request information concerning the representation." Rule 16-104 cmt. 4.

**{19}** Owen violated these mandates in numerous ways. At no time did Owen communicate with Complainants about how to accomplish their objectives as required by Rule 104(A)(2). Instead, the record reflects that Owen initiated contact with Complainants twice—in August 2010 when she agreed to take over their representation and on March 10, 2011, when she informed Diaz that Complainants were being evicted.

**{20}** Owen also failed to keep Complainants reasonably informed about the status of their case as required by Rule 16-104(A)(3). The record reflects that Complainants initiated most of the communications with Owen. Owen made little effort to communicate with Complainants and failed to promptly return or acknowledge Complainants' phone calls. *See* Rule 16-104 cmt. 4 ("Client telephone calls should be promptly returned or acknowledged."). Had Owen maintained regular contact with her clients, Complainants would have discovered that their case was not being pursued and could have obtained different counsel sooner.

**{21}** Additionally, Owen's willingness to misrepresent the status of the case to Complainants is deeply disturbing. Lying to a client implicates the fundamental relationship between the lawyer and the client and an attorney's fitness to practice law. *See Van Orman v. Nelson,* 78 N.M. 11, 22-23, 427 P.2d 896, 907-08 (1967) (explaining that the relationship between attorney and client is "one of trust and confidence," and the law requires that acts and conduct of attorney in transactions with his client "be characterized by absolute fairness,

5

good faith and honesty"). We have severely disciplined attorneys in the past for such conduct. *See e.g.*, *In re Roberts*, 119 N.M. 769, 770, 895 P.2d 669, 670 (1995) (suspending indefinitely an attorney who failed to docket an appeal and lied to his client for seven years about the status of the appeal); *In re Rohr*, 122 N.M. 774, 774-75, 931 P.2d 1390, 1390-91 (1997) (disbarring attorney who embezzled client's money and lied to client regarding settlement proceeds for several months).

**Violations by Jackson**

**{22}**    Although Respondent Jackson's violations in this case were less numerous, they are no less serious. Jackson violated Rule 16-116(D) by failing to take steps to protect Complainants' interests.

**{23}**    Pursuant to Rule 16-116(D), "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests . . . . " An attorney has an obligation to protect the interests of his clients upon his withdrawal from their cases. *See In re Roth*, 105 N.M. 255, 255, 731 P.2d 951, 951 (1987) (suspending attorney indefinitely after attorney failed to complete cases, protect interests of former clients, or refund fees); *In re Tapia*, 110 N.M. 693, 694-95, 799 P.2d 129, 130-31 (1990) (extending attorney's suspension because of, *inter alia,* numerous violations of Rule 16-116(D)). We have disciplined attorneys in the past for conduct similar to Jackson's in this case. *See In re Fandey*, 118 N.M. 590, 591-94, 884 P.2d 481, 482-85 (1994) (an attorney who failed to pursue representation of clients and who abandoned his office and all forms of communication with his clients was subject to a one-year suspension).

**{24}**    Jackson's principal violation was that he failed to formally withdraw as counsel of record for Complainants after legal representation was transferred to Owen. His failure to withdraw meant that he remained counsel of record in Complainants' lawsuit. Therefore, he continued to receive notices and orders from the court concerning the lawsuit, and he continued to receive correspondence and pleadings from opposing counsel. After receiving these communications, it should have been apparent to Jackson that he was still counsel of record in the case and had obligations consistent with that role. Jackson's failure to properly withdraw from the case caused confusion for opposing counsel and Complainants. Although we recognize that there were mitigating factors such as Jackson's personal and emotional problems, filing a withdrawal of counsel is not burdensome.

**DISCIPLINE**

**{25}**    Both Jackson and Owen conducted themselves unprofessionally. The practice of law is a privilege and carries with it substantial responsibility. Respondents have not taken this responsibility seriously. While we do not condone Jackson's conduct, he "has acknowledged the wrongful nature of his conduct and expressed remorse for his conduct." For that reason, we choose to mitigate his discipline and afford him an opportunity to prove himself during a period of supervised probation.

**{26}** Owen, by contrast, has refused to acknowledge the wrongful nature of her actions. Additionally, she has a prior disciplinary record. She failed to comply with the terms of our November 15, 2012, order. On January 29, 2013, disciplinary counsel filed a motion for an order to show cause noting that Owen had failed to submit names of potential supervising attorneys and failed to make any payments as ordered despite two requests from disciplinary counsel. On February 11, 2013, we granted disciplinary counsel's motion and issued an order requiring Owen to show cause why she should not be held in contempt. Owen was warned that her failure to file a timely response could result in the issuance of a bench warrant for her arrest. Owen failed to comply with this order.

**{27}** A second order to show cause was issued on March 29, 2013, revoking the deferral of Owen's suspension and immediately suspending her from the practice of law. Owen was also commanded to appear before this Court on April 24, 2013. Owen failed to appear at this hearing. Therefore, we issued an order on April 24, 2013, permanently disbarring her from the practice of law.

**CONCLUSION**

**{28}** For the foregoing reasons, we publically censure Respondents for their misconduct and confirm our previous orders imposing the disciplinary sanctions summarized in this Opinion.

**{29}** **IT IS SO ORDERED.**

 

_____
**RICHARD C. BOSSON, Justice**

**WE CONCUR:**

_____
**PETRA JIMENEZ MAES, Chief Justice**

_____
**EDWARD L. CHÁVEZ, Justice**

_____
**CHARLES W. DANIELS, Justice**

_____
**BARBARA J. VIGIL, Justice**

**Topic Index for _In re Owen and Jackson_, Nos. 33,843/33,844**

**ATTORNEYS**

Disciplinary Action
Legal Malpractice
Professional Responsibility
Substitution or Withdrawal of Counsel